# Georgia Home Insurance Co. *v.* Allen.

*Action upon a Policy of Fire Insurance.*

| 128 | 451 |
| 128 | 480 |

| 128 | 451 |
| c136 | 309 |

1. *Action upon fire insurance policy; effect of insisting upon one ground of forfeiture.*—In an action upon a policy of fire insurance, where the defendant company assigns one specific ground of forfeiture and the validity of the policy of insurance sued upon is denied upon that ground alone, all other grounds of forfeiture or breaches of the conditions of the policy are waived.

2. *Insurance; what necessary to constitute waiver of breach.*—If an insurance company, after knowledge of the breach of a condition contained in the policy issued by it, enters into negotiations or transactions with the assured, by which the company recognizes or treats the policy as still in force, or induces the assured to incur trouble or expense, such acts or admissions on the part of the company will be regarded as a waiver of its right to claim the benefit of a forfeiture of a breach.

3. *Same; waiver by adjuster.*—An adjuster of an insurance company, with full power to make examinations, investigations and adjustments of a loss, has authority to waive the conditions of the policy; and if such adjuster, with full knowledge of the breach of the conditions of the policy of the insured, enters upon the investigation and adjustment of the loss and treats the policy as valid and subsisting, any defense the insurance company had to the policy, by reason of the breach of the conditions, will be deemed to have been waived.

4. *Same; breach of iron safe clause.*—An iron safe clause in a policy of insurance requiring the assured to keep a set of books and inventory of the stock, which shall be kept locked in an iron safe at night, and at other times when the store is not open for business, is a valid condition, and binding upon the assured, the breach of which will avoid the policy unless it is waived by the insurer.

5. *Charge of court; when properly refused.*—A charge requested by a party to a suit, which assumes that there was no evidence of certain facts hypothesized therein, whereas there was evidence introduced by the other party tending to disprove such assumption, is properly refused.

APPEAL from the Circuit Court of Limestone. Tried before the Hon. H. C. SPEAKE.

This was an action by the appellee, James W. Allen, against the Georgia Home Insurance Company; and counted upon a policy of insurance issued by the defendant to plaintiff; and sought to recover for the loss by fire of the property insured by such policy. The complaint was in the statutory form.

The defendant pleaded the general issue and the following special plea: 2. "For further answer to said complaint defendant says that in and by the terms of said policy of insurance it was stipulated and agreed as follows: 'Iron Safe Clause.—The assured under this policy hereby covenants and agrees to keep a set of books, showing a record of business transacted, including all purchases and sales both for cash and credit, together with the last inventory of said business, and further covenants and agrees to keep such books and inventory securely locked in a fire proof safe at night, and at all times when the store mentioned in the within policy is not actually opened for business, or in some secure place not exposed to a fire which would destroy the house where said business is carried on, and in case of loss the assured agrees and covenants to produce such books and inventory, and in the event of a failure to produce the same this policy shall be deemed null and void and no suit or action at law shall be maintained thereon for any such loss. And defendant avers that there has been a breach of said covenant and warranty in the following particulars: (1.) That the plaintiff did not keep a set of books as provided in said second clause of said warranty and condition. (2.) That the plaintiff did not keep said books securely locked in a fire proof safe at night, and at the other times therein provided, nor did he keep said books in a place not exposed to a fire which would destroy said building where said business was carried on. (3.) That the plaintiff failed to produce such books for the inspection of this defendant, after the said loss, alleged in said complaint, wherefore and by reason of each said breaches said

policy became and was wholly null and void."

To the defendant's special plea numbered three, the plaintiff filed two replications. In the first replication the plaintiff took issue upon said plea. The second replication was as follows: "2. And the plaintiff, for special replication to defendant's second plea, says that immediately after the fire and loss in controversy and before this suit the defendant sent to the scene of the fire and loss one George G. Adams, with full power and authority to make examination, investigation and adjustment of the loss and damage under the policy in suit in this case; that he, George G. Adams, did then and there make such examination and investigation as to the fire and loss, and, after being fully informed as to how and when, in every particular, the plaintiff had violated the terms and conditions of the policy, if he had violated them at all, recognized and treated the policy as valid and binding and entered into negotiations and dealings with the plaintiff for the settlement and adjustment of the loss and damage, in consequence of which the plaintiff, of necessity, incurred much trouble, expense and lawyer's fees in the premises; and that finally, before this suit, he, George G. Adams, declined and refused to go on with and make such settlement and adjustment on the sole ground that the policy was void because the plaintiff had kept, used, or allowed on the premises or in the stock of goods in controversy hazardous or combustible material prohibited by the policy; but all of which the defendant thus by its agents waived and abandoned all the defenses it had to this suit based on its second plea." The defendant demurred to this replication upon the following grounds: 1. It was not shown in said replication that said George G. Adams had power or authority to waive a forfeiture of said policy by the breach of the warranty and condition contained therein, which said breach had occurred prior to the attempted adjustment by said Adams. 2. It is not averred in said replication that the defendant undertook to adjust or settle or examine into said loss after it had knowledge of the breach of the condi-

tion or warranty contained in the policy. This demurrer was overruled, and the defendant duly excepted. Thereupon the defendant filed three rejoinders to the second plea. In the first rejoinder the defendant took issue upon said plea. The second and third rejoinders were as follows: "2. And the defendant for special rejoinder to said replication numbered 2 says that after the said Adams had entered upon the examination and investigation of said loss, with a view to the adjustment, the said Adams then and there for the first time discovered that there had been a breach or breaches of the warranties and conditions contained and forming part of said policy of insurance which is the foundation of this action, and the said Adams then and there refused to proceed with such examination or adjustment unless and until the said plaintiff consented and agreed that by proceeding with said examination and investigation the said Adams and the said defendant should not be held to have waived any right or defense which might be available to said defendant by reason of any such breach or breaches, and defendant avers that the plaintiff did not then and there agree and consent that the further investigation or examination or adjustment of said loss by said Adams should not be taken or held as a waiver of any right or defense the defendant might have against said policy or liability thereunder and said examination and investigation was continued by said Adams under and in consequence of said consent and agreement and not otherwise, and plaintiff avers that said consent and agreement was lawful and binding and the plaintiff can not now claim that said examination was a waiver of any defense, without this, that the said Adams declined to go on with said adjustment on the sole ground that the policy was void because the plaintiff had kept, used or allowed on the premises hazardous or combustible articles prohibited by the policy." "3. That the said Adams did not proceed with said examination or adjustment after discovering that there had been a breach of the conditions and warranties con-

tained in said policy until the plaintiff had consented and agreed that by going on with such examination or adjustment the defendant should not be held to have waived any defense it might have to the claim of the plaintiff under said policy."

The plaintiff demurred to the second and third special rejoinders, which demurrers were overruled. The plaintiff thereupon moved to strike the rejoinders from the file, and this motion was also overruled. Upon the issue joined upon the pleadings there was evidence introduced on the part of the plaintiff tending to support the averments of the replications numbered two, and the evidence for the defendant tended to support the defendant's rejoinders two and three. The only defense interposed to the maintenance of the action was the breach of the Iron Safe clause. It was admitted on the trial that there had been a breach of the "Iron Safe Clause" contained in the policy as to the manner in which the plaintiff kept his books. It was further admitted that due notice was given the defendant of the fire and proof of loss was made as required by the policy, and that the goods destroyed were of the value of $616.57.

Upon the introduction of all the evidence the court, at the request of the plaintiff, gave to the jury the following written charges: (A.) "I charge you that when only one ground of forfeiture is urged as the reason for the invalidity of the policy is a waiver of all other forfeitures or breaches which were known to the defendant." (B.) "If you believe from the evidence that Adams was sent here for the purpose of adjusting the loss of this plaintiff, and that he, the said Adams, had apparent authority to settle such loss and that in conformity with his authority and apparent power the said Adams entered into the investigation of said loss, and this plaintiff had no knowledge of his limited authority, and no notice of any facts sufficient to put the plaintiff on inquiry by which he could discover such limitations, then I charge you must find for the plaintiff on the question of authority of Adams to bind the defendant." (C.) "The burden of proof

on the plaintiff as to the authority or power of Adams to waive breaches of the contract of insurance is discharged upon the plaintiff showing to your reasonable satisfaction that the said Adams had apparent authority so to do." (D.) "I charge you that the letters introduced in evidence can only be looked to by you as tending to show the authority of Adams." (E.) "If Adams had apparent authority to waive on behalf of this defendant a breach of any condition of the policy, then I charge you if you are reasonably satisfied from the evidence that said Adams was so held out by the defendant, or had apparent authority so to do, then I charge you that private limitations upon his authority are as though no such existed as to the issues in this cause, unless you further believe from the evidence that the plaintiff knew of these limitations, or had notice of some fact or facts sufficient to put him on inquiry, which, if followed, would have disclosed to the plaintiff such limitations."

The court, at the request of the defendant, gave the following charge, among others, to the jury: (7.) "Before you can find that the defendant by its conduct waived any forfeiture of the policy, if there was such forfeiture, you must find from the evidence that the defendant or its authorized agent, had knowledge of all the material facts constituting such forfeiture."

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If you believe the evidence you will find for the defendant." (2.) "I charge you that if you believe the evidence neither the defendant nor its agent authorized to waive a forfeiture of the policy ever undertook to examine into and adjust the amount of loss and damage sustained by the plaintiff with knowledge of all the material facts constituting a forfeiture of such policy." (3.) "I charge you that if you believe the evidence you must find that Adams was not the general agent or general adjuster of the defendant." (4.) "I charge you that there is no evidence that Adams was authorized by the defendant

to waive any breach of the conditions of the policy sued on." (15.) "If you believe the evidence, Adams was not a regular agent or adjuster of defendant but was specially employed to adjust the loss under this policy and was not authorized by the defendant to waive any breach of the conditions or covenants of the policy." (16.) "If you believe the evidence you must find for the defendant unless the plaintiff has reasonably satisfied you by the evidence that the defendant or its authorized agent waived the forfeiture of the policy with full knowledge of such forfeiture." (19.) "I charge you that there is no evidence that the plaintiff was put to any trouble, expense or lawyer's fees because the defendant or Adams recognized or treated the policy as valid or binding."

There were verdict and judgment for the plaintiff, fixing his recovery at $616.57. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

ALEX T. LONDON and JOHN LONDON, for appellant. An adjuster, not being a general agent, cannot bind his principal by a waiver of a forfeiture occurring before the attempted adjustment, unless it be shown that he was authorized so to do, or that it was within the usual scope of his agency.—*Queen Ins. Co. v. Young*, 86 Ala. 424, 432; *Syndicate Ins. Co. v. Catchings*, 104 Ala. 176; *Weed v. London, etc. Ins. Co.*, 116 N. Y. 106; *Everett v. London Ins. Co.*, 142 Pa. St. 332; *Messelboch v. Sun Fire Office*, 26 N. E. 34; 2 Beach on Ins., §§ 789, 793; Ostrander on Fire Ins., (2d ed.) 191, 203, 760; *Insurance Co. v. Matthews*, 65 Miss. 301.

A mere adjustment of a loss without a promise to pay the amount ascertained does not estop the insurer from setting up breaches of conditions.—2 Wood on Ins., § 482; 2 Biddle on Ins., §§ 1024-28; *Fireman's Ins. Co. v. Barker*, 41 Pac. 513.

A waiver will not be implied from conduct unless it be shown that the insured has been induced thereby to do or omit something to his prejudice, or has been required to do something which could only be demanded

under a valid policy.—*Underwood v. Ins. Co.*, 57 N. Y. 500; *Armstrong v. Ins. Co.*, 130 N. Y. 560; *Insurance Co. v. Wolff*, 95 U. S. 326; *Insurance Co. v. Matthews*, 65 Miss. 301; *Dibrell v. Insurance Co.*; 110 N. C. 193; May on Ins., §§ 297, 597; Wood on Ins., § 452; Bigelow on Estoppel, 663.

When the facts are admitted, and it is clear that a reasonable man would not have relied on them, the question of waiver is then for the court.—2 Biddle on Ins., §§ 1149, note; *Spring Garden Ins. Co. v. Evans*, 9 Md. 20; *Insurance Co. v. Matthews*, 65 Miss. 301.

T. C. McClellan and W. R. Walker, *contra.*—An agent may waive conditions in a policy of insurance. 1 Joyce on Ins., §§ 425, 426, 439, 541; *Queen Ins. Co. v. Young*, 86 Ala. 424; *Syndicate Ins. Co. v. Catchings*, 104 Ala. 176; *Liverpool, London & Globe Ins. Co. v. Tillis*, 110 Ala. 201; *Ga. Home Ins. Co. v. Allen*, 119 Ala. 436, this case on former appeal.

Forfeitures are odious, and, where possible to avoid giving them operation without doing violence to the contract, courts have always seized upon slight matters to do even handed justice; this is a complement of the rule of law that policies of insurance are to be construed liberally in favor of assured.—3 Joyce on Ins., * 1960; *Syndicate Ins. Co. v. Catchings*, 104 Ala. 176; *Tubb v. Liverpool, London & Globe Ins. Co.*, 106 Ala. 651; *Queen Ins. Co. v. Young*, 86 Ala. 424; *Phoenix Life Co. v. Raddin*, 120 U. S. 183 (30 Law ed.) 644; *Maulor v. American Ins. Co.*, 111 U. S. 335 (28 Law ed.) 447; present case on former appeal, 119 Ala. 436.

Where one specific ground of forfeiture is urged against a policy of insurance; and the validity thereof denied on that ground alone, all other grounds are waived.—4 Joyce on Ins., § 3369; *Queen Ins. Co. v. Young*, 86 Ala. 424; *Commerce Fire Ins. Co. v. Allen*, 80 Ala. 571; *Smith v. German Ins. Co.*, 30 L. R. A. 368; *Faust v. American Fire Ins. Co.*, 51 Amer. St. Rep. 876.

Where one, with full power to adjust a loss, proceeds with an investigation and adjustment of a loss, treating the policy as valid, he will be deemed to have waived

all forfeitures or breaches of the contract of insurance known to him at that time.—1 Joyce on Ins., § 558; 4 Joyce on Ins., §§ 3385, 3386; present case on former appeal, 119 Ala. 436.

An adjuster can waive notice of loss and conditions in policy.—1 Joyce on Ins., §§ 397, 409, 416, 439, 482, 534, 575, 584-6; *Liverpool, London & Globe Ins. Co. v. Tillis*, 110 Ala. 201; present case on former appeal, 119 Ala. 436.

Where one has the authority as a general agent, or the apparent authority of such agent, acts done by him within such authorization or apparent power are binding on the principal; and private instructions or secret limitations on such agent's power or authority will not affect a party dealing with such agent, unless such party had notice of the instructions or limitations, or notice of such facts as would put a reasonably prudent man upon inquiry from which such facts would be disclosed.—*Queen Ins. Co. v. Young*, 86 Ala. 424; *Syndicate Ins. Co. v. Catchings*, 104 Ala. 176; 1 Joyce on Ins., § 428; *Union Mutual Ins. Co. v. Wilkinson*, 13 Wallace 222 (20 Law ed.), 617.

HARALSON, J.—The decisions of this court consonant with those elsewhere, and the text writers, have settled the question,—relieving us from further discussion of it,—that an agent may waive the conditions in a policy of insurance; and further, that when one specific ground of forfeiture is urged against a policy of insurance, and the validity thereof denied on that ground alone, all other grounds are waived.—*Syndicate Ins. Co. v. Catchings*, 104 Ala. 176; *Liverpool, L. & G. Ins. Co. v. Tillis*, 110 Ala. 201; *Georgia Home Ins. Co. v. Allen*, 119 Ala. 436; 1 Joyce on Ins., § 591; *City C. of Montgomery v. Montgomery Water Works Co.*, 77 Ala. 256; *Fire Ins. Co. v. Felrath*, 86 Ala. 194; *Central C. Ins. Co. v. Oates*, 86 Ala. 568. "The question is not so much (observes Mr. Joyce) what powers did the agent actually possess,—it is the agent's ostensible or apparent authority, that which he is held out to the world to possess, which is the test of his actual

powers in the absence of knowledge of limitations thereon, on the part of persons dealing with such agent. And the tendency of courts of the present day is toward a liberal rather than a strict construction of an agent's powers. * * * An insurance company is bound by the acts of its agents within the real or apparent scope of his authority, and to this extent, the act of the agent is the act of his principal. And this is so, even though he violates limitations upon that authority, which are not brought home to the knowledge of the party with whom he deals, and even though the agent's acts be in direct violation of his instructions."—1 Joyce on Ins., §§ 425, 426, 440. The same author lays it down, supported by a great array of authorities, that such an agent may waive conditions, notwithstanding inhibitions in the policy; and that, where the agent, who has knowledge that a ground of forfeiture exists, and thereafter by some act recognizes the contract as valid, there is a waiver.—1 Joyce, §§ 439, 541. In *Insurance Company v. Young*, 86 Ala. 424, it is said: "If the company after knowledge of the breach, enters into negotiations or transactions with the assured, which recognizes and treats the policy as still in force, or induces the assured to incur trouble or expense, it will be regarded as having waived the right to claim the forfeiture." To the same effect is *Ins. Co. v. Norton*, 96 U. S. 241. Agreeably with these principles, this court held in *Liverpool, L. & G. Ins. Co. v. Tillis, supra*, as aptly expressed in that case, and directly applicable here, that "Where, after a fire, an insurance company sends a person to the scene of the fire and authorizes him to act as an adjuster in the particular case, with all the authority in reference thereto that is given to general adjusters, the insured, in dealing with such person, in the absence of notice to the contrary, has the right to presume he has authority to act for and bind the company as to all matters within the scope of his duties as the adjuster in the particular case, and such special adjuster, by denying all liability under the policy may waive the provisions of the policy, requiring

the assured to produce formal proofs of loss, as effectually as could the general adjuster of the company." In the case of the *United States L. Ins. Co. v. Lesser,* 126 Ala. 568, of recent impression in this court, is a full discussion of this subject in line with this and the former adjudications of this court. So it was, when this case was here, on a former appeal, we held that Adams, the party sent by the company with full power to make examination, investigation and adjustment of the loss, had authority to waive the conditions of the policy; and if, after full knowledge of the breach of its condition by the insured, he entered on an investigation and adjustment of the loss, treating the policy as valid and subsisting, the company thereby waived any defense it had against it by reason of the breach of its conditions. On this view of the case we held, that the demurrer to plaintiff's replication to the defendant's second plea, was properly overruled. The reasons for this ruling are fully set forth in the former opinion, to which we adhere.

2. In the transcript is also found an agreement of counsel, "that the only defense to the action is a breach of the provisions of the 'Iron Safe Clause,' no point being made on any other provision or stipulation in the policy," and the defendant's counsel make substantially the same statement in their brief.

It is undisputed, for the evidence is without conflict to the effect, and admitted by plaintiff, that there had been a breach of the Iron Safe Clause, which defeated the action, unless the breach had been waived by the defendant. The whole trial, therefore, turned upon the question of the waiver, by one competent to make it, of the forfeiture of the policy in respect to the failure of plaintiff to keep his books as provided therein. We may therefore waive consideration of all pleadings in the cause, except as present these issues, viz., the defendant's 2d plea as amended; the plaintiff's replication number 2 thereto, and the defendant's rejoinders numbers 2 and 3 to said replication. The evidence of plaintiff tended to support his replication number 2, and that for defendant, its rejoinders 2 and

.3 thereto.

3. Refused charges numbered 1 and 2 were charges on the effect of the evidence, which was in conflict, or from which different inferences might have been drawn, by the jury as to the matters on which the defense was based, and were, therefore, properly refused.

Charges 3, 4 and 15 were calculated to mislead, and were properly refused, under the evidence in the cause. Their direct effect if given, would have been to impress the jury, that even if the defendant company had held out to the world that said agent had authority to waive the forfeiture, yet it would not be liable because of limitations upon this apparent power and authority which were uncommunicated and unknown to the plaintiff. They furthermore assume as true what is fairly contradicted by the secretary of the company, Wm. C. Coart to Ben Lee Allen, the agent of the company at Athens.

A sufficient reason for the refusal of charge 16 is found in the fact, that it is substantially the same as charge 7, given for the defendant.

Charge 19 was faulty in assuming that there was no evidence of facts hypothesized, whereas, the plaintiff's evidence tends to disapprove the assumption.

Charges B. C. D. and E. given at the instance of plaintiff, assert correct propositions of law, when considered in reference to the evidence in the cause, and were proper instructions.

Affirmed.