[Woodward Iron Co. v. Sheehan.]

# Woodward Iron Co. *v.* Sheehan.

## *Action for Injury to Employe.*

(Decided Dec. 16, 1909. Rehearing denied Feb. 26, 1910. 52 South. 24.)

1. *Master and Servant; Injury to Servant; Railway.*—The servant injured while engaged in moving by cable and a locomotive on a railway, large chunks of iron from a furnace, was engaged in and about the operation of a railway within the meaning of section 3910, Code 1907.

2. *Same; Contributory Negligence; Instruction.*—An instruction as to contributory negligence which fails to hypothesize that the negligence of the servant contributed proximately to the injury, is faulty.

3. *Damages; Excessive.*—Where a person's foot, ankle and leg below the knee were permanently injured, his ankle stiffened, parts of his feet abnormally cold and sore after a days work, inability to stoop down on the ankle, and great physical suffering on account of the wound, a judgment for $3,000 damages, when approved by the trial court, will not be disturbed on appeal.

4. *Appeal and Error; Verdict; Conclusiveness.*—Issues on conflicting evidence are for the determination of the jury, and the verdict rendered by the jury, supported by the evidence will not be disturbed on appeal.

5. *New Trial; Newly Discovered Evidence; Diligence.*—Where there was an entire absence of requisite diligence and the evidence was positive that the diligence was exercised after the verdict, a judgmnt denying motion for new trial based on newly discovered evidence will not be disturbed.

6 *Charge of Court; Directing Verdict.*—Where the evidence on material issues is in conflict, the court cannot properly direct the verdict.

7. *Same; Ignoring Evidence.*—Where there was evidence tending to show that the servant was injured as alleged in the complaint, a charge precluding a recovery on the theory that the servant was not injured when so engaged, is properly refused.

8. *Same; Invading Province of Jury.*—In an action for injury to a servant while engaged in removing by means of a cable and a locomotive on a railway chunks of iron from the furnace, the injury being caused by the locomotive pulling the mass down on the servant, a charge asserting that if the servant gave the stop signal with a torch and then walked from a position directly behind the pieces of iron from the direction of the locomotive over several pieces of iron with the torch swinging slightly in his left hand, that it was common knowledge that at that distance in the dark, the light would appear to go up and down, and that the engineer might have mis-

[Woodward Iron Co. v. Sheehan.]

taken this for an up and down motion, a go-ahead signal, the engineer was not guilty of negligence in starting the engine, invaded the province of the jury, and is properly refused; it is also properly refused, as it assumed to declare common knowledge in respect to a matter of which there could be no common knowledge.

9. *Same; Argumentative Instructions.*—In an action for injuries to a servant a charge asserting that the burden of proof is on the servant, and that if the jury found that there was a disputed fact left in doubt, they should find that fact for the defendant, was not only argumentative, but pretermitted the hypothesis that such disputed fact was material.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by William T. Sheehan against the Woodward Iron Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Count 1 is as follows: "Plaintiff claims of the defendant $5,000 as damages, for that heretofore, to wit, on the 12th day of December, 1906, while plaintiff was in the service or employment of the defendant, and engaged in or about the business of the defendant at or near Woodward, in Jefferson county, Alabama, to wit, in or about moving a mass of matter, to wit, iron or slag, by means of a cable or rope, and a steam locomotive engine upon a railway, said mass was pulled or projected upon or against plaintiff by said engine by means of said cable or rope, and as a proximate consequence thereof plaintiff's feet, ankle, and legs were bruised, cut, and mashed. (Here follows catalogue of his injuries.) Plaintiff alleges that he suffered said injuries and damages as aforesaid by reason and as a proximate consequence of the negligence of the person in the service or employment of defendant who had charge or control of said locomotive engine upon said railroad, viz., said person, to wit, Will Stewart, negligently caused or allowed said mass, or part thereof, to be pulled or projected upon plaintiff by means of said engine as aforesaid."

[Woodward Iron Co. v. Sheehan.]

The demurrers were that the count showed on its face that the defendant was a furnace company, and engaged at the time of the injury complained of, with its locomotive engine, railway, and other appliances, in moving a mass of iron or slag by means of a cable or rope, and said engine and railway are not contemplated under the fifth subdivision of the employer's liability act (Code, § 3910) as a locomotive engine on a railway, so as to charge the defendant with the negligence of the said engineer. Said count shows on its face that defendant was not at the time in the capacity of a railroad employe under the fifth subdivision of the employer's liability act. The count shows on its face that the plaintiff was not engaged in the business of railroading at the time of his alleged injury. The defense was contributory negligence and the general issue.

The following charges were refused to the defendant: (2) "I charge you, gentlemen, that under the uncontradicted testimony in this case defendant was engaged in the manufacture of iron at its furnace plant; that in connection therewith it operated a railway to haul coal and ore to its furnace; that plaintiff was engaged in the duties of a rigger at the time of this accident and was not engaged in the business of railroading; and that he is accordingly not entitled to recover under counts 1, 2, 3, and 4." (3) "I charge you, gentlemen of the jury, that if you believe from the evidence in this case that the plaintiff gave the stop signal with the torch, and then walked from a position directly behind the piece of iron from the direction of the engine over several pieces of iron with the torch swinging slightly in his left hand, as he described to the jury; that it is common knowledge that at that distance in the dark this light would appear to go up and down, and the engineer might have mistaken this for an up and down

[Woodward Iron Co. v. Sheehan.]

motion of the torch; and as, under the uncontradicted evidence, this was the go-ahead signal, the engineer was not guilty of negligence in the starting up of the engine at said time, and your verdict must be for the defendant under the count." (5) "The law does not undertake to measure the negligence of the plaintiff by that of the plaintiff by that of the defendant, and if you believe from the evidence that plaintiff was negligent in any degree he cannot recover, even if you believe the defendant to be negligent under counts 1, 2, 3, 4, and 5 of the complaint." (7) "If you believe from the evidence that plaintiff was employed as a rigger about defendant's plant, and that he was engaged in said duties at the time of his alleged injury, you must find for the defendant under counts 1, 2, 3, and 4 of the complaint." (11) "The burden of proof is on the plaintiff, and if the jury find that there is a disputed fact in this case left in doubt and uncertainty to your minds, you will find said facts in favor of the defendant."

CHARLES A. CALHOUN and CABANISS & BOWIE, for appellant. The court erred in holding that the appellee was entitled to the protection accorded by the 5th subdivision of section 3910, Code 1907, and, therefore, in the refusing of the affirmative charge.—*Ala. S. & W. Co. v. Griffin*, 149 Ala. 423; *Woodward I. Co. v. Curl*, 153 Ala. 215; *Pear v. Cedar Creek M. Co.*, 156 Ala. 263; *Givens v. Southern Ry. Co.*, 49 South. 180; *Johnson v. St. Paul D. R. Co.*, 8 L. R. A. 419; *Smith v. Burlington*, 12 N. W. 763; *Matson v. C. R. I. & R. R. Co.*, 25 Ala. 911. See also 24 N. W. 600; 49 N. W. 302; 21 N. W. 124; 78 N. W. 800; 42 South. 174; 54 S. E. 391; 107 N. W. 616; 62 N. W. 386. Counsel discuss other refused charges and insist that under the evidence, and authorities cited supra, the court erred in refusing them. The

[Woodward Iron Co. v. Sheehan.]

court should have granted a new trial on the ground of excessive damages.—*Seaboard Mfg. Co. v. Woodson,* 89 Ala. 382; Watson on Dam. 409; Joyce on Dam. p. 237; *A. G. S. v. Burgess,* 119 Ala. 565. Counsel also cite authority to show that the verdict was contrary to the law and evidence.

BOWMAN, HARSH & BEDDOW, for appellee. The complaint is not subject to the demurrers interposed.—*A. G. S. v. Davis,* 119 Ala. 572; *Southern Ry. v. Guyton,* 122 Ala. 231; *L. & N. v. Marbury,* 125 Ala. 237; *Bear Creek Mill Co. v. Parker,* 134 Ala. 292. The defendant was responsible for the negligence of the servant in control of the locomotive engine upon the railway, although not a common carrier nor a commercial cross country railway.—2 Lebatt M. & S. 707; *Sloss-S. S. & I. Co. v. Marbury,* 139 Ala. 425; *Bear Creek M. Co. v. Parker, Supra; Jackson L. Co. v. Cunningham,* 141 Ala. 230; *Pearson L. C. v. Hardt,* 144 Ala. 241; *Creola L. Co. v. Mills,* 149 Ala. 480; 166 Mass. 276; 10 Q. B. 258. The form of the affirmative charge asked raising this question has been many times condemned by this court. —*L. & N. v. Sandlin,* 125 Ala. 585; *Bessemer L. Co. v. Tillman,* 139 Ala. 462; *T. C. I. Co. v. Bridges,* 144 Ala. 229. This was the only method taken to raise this proposition and hence, it is not raised. Plaintiff in the case at bar may recover notwithstanding the case of *Ala. S. & W. Co. v. Griffin,* 149 Ala. 423, as it is differentiated from it by the facts. Counsel then proceeds to argue that the Griffin Case is not sound, and cites authorities in support of his contention, not necessary to be here set out. No sufficient diligence is shown on which to base a motion for a new trial on account of newly discovered evidence.—*K. C. M. & B. v. Phillips,* 93 Ala. 159; *Simpson v. Golden,* 114 Ala. 340. Besides, the evidence was

cumulative.—*McLeod v. Shelby Co.*, 108 Ala. 82. The verdict was not excessive.—*R. & D. v. Farmer,* 97 Ala. 141; *ontgomery T. Co. v. Haygood,* 152 Ala. 144; *A. G. S. v. Bailey,* 112 Ala. 167; *B. R. L. & P. Co. v. Baird,* 130 Ala. 334; 13 Cyc. 121.

McCLELLAN, J.—Action by employe against the employer for personal injuries suffered. Count 1 was submitted to the jury. The court, in overruling the demurrers to this count, followed the ruling made in *Alabama Steel & Wire Co. v. Griffin,* 149 Ala. 423, 42 South. 1034, with respect to counts 5 and 6 therein. Counsel for appellee strongly assail the soundness of the *Griffin Case,* wherein it was held that, to bring a cause of action within the fifth subdivision of the employer's liability act (Code, § 3910), the injured servant must have been engaged when injured, in or about the operation of a railway.

In expression of the writer's view only: *Pear v. Cedar Creek Mill Co.,* 156 Ala. 263, 266, 47 South. 110, was the first occasion requiring the writer's consideration of the proposition in the *Girffin Case;* and his views, in opposition to the soundness of the *Griffin Case,* were there set down without elaboration, though after a full and careful consideration. The announcement made, as indicated, in *Giffin's Case,* is, in my opinion, such a radical departure from the statute, that I am not yet willing to accept it as a settled interpretation of the statute in the respect involved.

However, count 1 does not present the question. Therein it affirmatively appears that plaintiff was engaged, when injured, in removing large chunks of iron, the result of a "boil" at a furnace, by means of a cable and a locomotive on a railway. He was engaged, when injured, in or about the operation of a railway. The de-

murrer to count 1 was properly overruled. In brief of appellant's counsel it is conceded—and the concession is the fact—that the evidence on the material issues in the cause was in conflict. Obviously the affirmative charge was correctly refused to defendant.

The only other assignments insisted on in brief are those predicated on the refusal of charges 2, 5, 7, and 11, requested by the defendant, and on the denial of a new trial.

Charge 2 sought to preclude a recovery on the first count, on the theory that plaintiff was not, when injured, engaged in or about the operation of a railway. The evidence tended to support the averments of the count in this particular, and hence the charge was well refused.

Charge 3 invaded the jury's province. It also assumed to declare common knowledge in respect of a matter of which there could not be, nor was, common knowledge.

Charge 5 was well refused because, if not for other reasons, it failed to hypothesize that plaintiff's negligence proximately contributed to his injury.

Charge 7 was misleading, if not otherwise faulty. While plaintiff may have been a "rigger," and was injured while so engaged, yet the performance of his duties as a rigger, in this instance, comprehended the employment of a locomotive on a railway, as affording the motive power to remove the chunks of iron produced by the "boil" at the furnace.

Charge 11 stated no legal proposition, was argumentative, and pretermitted in hypothesis that the "disputed fact" was material. It probably had other infirmities.

The motion for a new trial, on the ground of newly discovered evidence, could not have been sustained. Not

only was there an entire absence of evidence of requisite diligence on the defendant's behalf in the premises, but from the affidavit of defendant's attorney it appears that the diligence exercised was "since the verdict was rendered."—*K. C., M. & B. R. R. Co. v. Phillips,* 98 Ala. 159, 13 South. 65; *Simpson v. Golden,* 114 Ala. 336, 21 South. 990; among others.

The other ground of the motion, which, it is contended, the court erroneously overruled, rested on the excessiveness of the verdict, viz., $3,000. The evidence bearing on the extent of the injury suffered was conflicting. It was reasonably open to the jury to find that plaintiff's foot, ankle, and leg below the knee were permanently injured, that his ankle was stiff, that he endured for a long time severe physical pain, that a part of his foot has ever since the injury been abnormally cold, indicating impaired circulation, that he could not stoop down on that ankle, that he suffers from soreness after a day's work, and that the limb is marked with wounds. The defendant's physician, who attended plaintiff, testified to a very much less serious state of injury than did the plaintiff and his witnesses. In addition to the testimony indicated, the jury had a view of the leg, ankle and foot. It being open to the jury to reasonably find the extent of the injury to have been as serious, permanent, and painful as plaintiff's testimony tended to show, and since the trial court declined to disturb the verdict on the ground of excessiveness, we are not so convinced of the unreasonableness of the sum ascertained by the jury as to warrant us in pronouncing erroneous the overruling of the motion for a new trial on the ground indicated.

'The. evidence bearing on the material issues in the case was, as before stated, conflicting. If the evidence in plaintiff's favor was credited by the jury, the verdict

[Sloss-Sheffield Steel & Iron Co. v. Smith.]

could not be said to have been contrary to the weight of the evidence. The issues were for the jury to decide, and to them it was properly committed to determine the truth from the evidence.

There is no merit in the errors assigned and argued, and the judgment must be affirmed.

Affirmed.

SIMPSON, ANDERSON, and MAYFIELD, JJ., concur.

*Action for Injury to Employe.*

