(110 So. 909)

**LONDON & LANCASHIRE INS. CO., Limited, v. McWILLIAMS.    (2 Div. 884.)**

(Supreme Court of Alabama.    Nov. 4, 1926. Rehearing Denied Jan. 20, 1927.)

**1. Insurance ⚖375(2)—Agent, authorized only to solicit applications, receive premiums, and deliver policies, cannot waive breach of condition of policy after delivery.**

Agent, authorized only to solicit applications for insurance, receive premiums, and deliver policies after signature, is unauthorized to waive breach of condition of policy after delivery.

**2. Insurance ⚖375(2)—Agent empowered to contract without consulting insurer is "general agent" notwithstanding restriction of territory, and may dispense with policy conditions issued through his agency.**

Agent empowered to enter contracts without consulting insurer is "general agent" notwithstanding restriction of his territory, and apparent scope of authority includes power to dispense with policy conditions issued through his agency.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, General Agency or Agent.]

**3. Insurance ⚖375(2)—Power and authority of general agent as to waiver are same as that of insurer.**

Power and authority of general agent as to waiver of conditions of policies issued through his agency are same as that of insurer, and he may, in absence of collusion, waive forfeiture occurring because of breach of condition.

**4. Insurance ⚖556(1)—General agent may waive or excuse performance of duty of insured consequent on loss.**

General agent of insurer may waive or excuse performance of duty imposed on insured consequent on loss and in relation thereto.

---

**5. Insurance ☜556(1)—Agent held, in view of certificate of authority and evidence, to be general local agent of insurer with apparent authority to waive making of proofs of loss.**

Written commission appointing agent and testimony of president of agent company *held* to show appointee to be general local agent of insurer, with apparent authority to waive or excuse making of proofs of loss as required by policy, authority therefor being undefeated by requirement that neither officer nor agent are empowered to waive provision or condition except such as may by agreement be indorsed on policy.

**6. Insurance ☜665(8)—Evidence held not to show general agent intended to waive performance by insured of obligation to furnish proofs of loss under fire policy.**

Evidence *held* to show that general agent did not know that proper proof of loss under fire policy was not seasonably made, nor to show intention to waive or excuse performance by insured of obligation to furnish required proofs of loss.

**7. Insurance ☜641(2)—Replications setting up waiver and estoppel as to furnishing proofs of loss under fire policy held defective in not alleging agent's acts and declarations were within scope of agency.**

In action on fire insurance policy, replications setting up waiver and estoppel as to furnishing proof of loss through acts of insurer's agent were defective in not alleging that insurer's agent was duly authorized in premises or that its acts and declarations were within scope of its agency.

### On Rehearing.

**8. Insurance ☜88—Rule that general insurance agent's commission is liberally construed in favor of his authority applies only when terms thereof are of doubtful meaning.**

Rule that commission appointing general insurance agent is to be liberally construed in favor of agent does not mean that his commission will be extended beyond terms, but when terms are doubtful they will be construed in favor of his authority rather than against it.

Appeal from Circuit Court, Wilcox County; S. F. Hobbs, Judge.

Action on a policy of fire insurance by J. M. McWilliams against the London & Lancashire Insurance Company, Limited. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The writing or commission appointing the Mabry Securities Company as agent for the defendant is as follows:

"Certificate of Authority.

"Be it known that Mabry Securities Company, of Selma, in the county of Dallas and state of Alabama, is appointed and by these presents duly constituted agent of the London & Lancashire Fire Insurance Company, Limited, of Liverpool, during the pleasure of the company, to receive proposals for insurance against loss and damage by fire and lightning in Selma and its vicinity, with power only to issue, countersign, renew, and cancel policies of insurance, and to make indorsements thereon, as provided by their terms and conditions, also to receive moneys in payment of premiums, and to make disbursements for return premiums, subject, however, to such rules and regulations as may be adopted by the company and to such instructions as may be given from time to time by the manager at New York, or his duly authorized representative.

"In witness whereof, the said London & Lancashire Fire Insurance Company, Limited, has caused this certificate to be signed by the manager in the city of New York this 17th day of November, 1923."

Steiner, Crum & Weil, of Montgomery, and Paul E. Jones, of Camden, for appellant.

The local agent has no authority to waive the conditions or requirements of the policy after loss. Queen Ins. Co. v. Young, 86 Ala. 424, 5 So. 116, 11 Am. St. Rep. 51; Central City Ins. Co. v. Oates, 86 Ala. 570, 6 So. 83, 11 Am. St. Rep. 67; Southern States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63; Ala. St. Mutual Assur. Co. v. Long, 123 Ala. 667, 26 So. 655; Phœnix Ins. Co. v. Copeland, 90 Ala. 386, 8 So. 48; 2 Joyce on Ins. (2d Ed.) § 587. An agent authorized to solicit insurance and countersign policies can have no apparent authority to adjust losses or waive conditions of the policy after loss. Failure on the part of plaintiff to comply with the provisions of the policy as to proof of loss is a bar to this suit. Liverpool, etc., Ins. Co. v. McCree, 210 Ala. 559, 98 So. 880; Tedder v. Home Ins. So., 212 Ala. 624, 103 So. 674; 7 Cooley's Briefs on Ins. 1666; Ermentrout v. Girard F. & M. Ins. Co., 63 Minn. 305, 65 N. W. 635, 30 L. R. A. 346, 56 Am. St. Rep. 481; Shapiro v. Ins. Co., 61 Minn. 135, 63 N. W. 614; Clements, Fire Ins. as a Valid Contract, 217; Harrison v. Hartford Fire Ins. Co. (C. C.) 59 F. 732; Robinson v. Ætna Ins. Co., 128 Ala. 477, 30 So. 665. The question as to the authority of the agent was one of law for the determination of the court. Such powers of attorney are subject to strict construction. Kidd v. Cromwell, 17 Ala. 648; Cummins v. Beaumont, 68 Ala. 204; Southern Cot. Oil Co. v. Henshaw, 89 Ala. 448, 7 So. 760; Brantley v. Life Ins., 53 Ala. 557; Thompson v. Atchley, 201 Ala. 400, 78 So. 196; Dearing v. Lightfoot, 16 Ala. 28; Stipcich v. Metropolitan (D. C.) 8 F.(2d) 285.

Bonner & Miller, of Camden, for appellee.

A disputed question of the authority of the agent to receive notice or to waive a breach of contract provisions of the policy is for the jury. Southern States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63; Schloss & Kahn v. Westchester Fire Ins. Co., 141 Ala. 566, 37 So. 701, 109 Am. St. Rep. 58. The defendant was bound by the real or apparent

authority of its agent. Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 So. 46. All provisions of insurance policies are to be liberally construed in favor of the assured. Tubb v. Liverpool, etc., Ins. Co., 106 Ala. 651, 17 So. 615.

SOMERVILLE, J. [1] An agent who is authorized only to solicit and take applications for insurance, receive the premiums, and deliver the policy after it has been signed by the proper officers has no authority, express or implied, to waive a breach of any condition of the policy after it has been delivered. Queen Ins. Co. v. Young, 86 Ala. 424, 5 So. 116, 11 Am. St. Rep. 51; Ala. State Mut. Assur. Co. v. Long, etc., Co., 123 Ala. 667, 677, 26 So. 655; Phœnix Ins. Co. v. Copeland, 90 Ala. 336, 8 So. 48; 14 R. C. L. 1159, § 340; 26 Corp. Jur. 289, § 361. This is so not because of the express limitation on the agent's authority, but because such a waiver is not within the apparent scope of his authority.

[2-4] But when the agent is "empowered to enter into contracts, take risks, deliver policies, and receive premiums, without consulting the insurer," he is quoad hoc, a general agent, notwithstanding the restriction of his territory; and the apparent scope of his authority "includes the power to dispense with conditions in policies issued through his agency, and his acts in the exercise of this power will bind the insurer in the absence of any limitation on his authority known to the insured. His power and authority in respect to waiver are the same as that of the insurer himself. He may accordingly waive a forfeiture which has occurred by reason of a breach of condition, in the absence of collusion between himself and insured." 26 Corp. Jur. 287, 288, § 360; 14 R. C. L. 1158, § 339. And, on the same principle, he may waive or excuse the performance of a duty imposed upon the insured, consequent upon the loss, and in relation thereto. Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 So. 46.

[5] Under its written commission from the defendant company, which is to be liberally construed, and the testimony of Mr. Jones, the president of the Mabry Securities Company, we think the latter company was the general local agent of defendant, with the apparent authority to waive or excuse the making of proofs of loss as required by the policy. This authority is not defeated by the provision of the policy itself that "no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto." Georgia Home Ins. Co. v. Allen, 128 Ala. 451, 460, 30 So. 537. Whether or not, if that provision had been expressly limited to local agents, it would have been sufficient to defeat the otherwise apparent authority to waive, we need not determine, since the provision is not so limited. See Judge Freeman's note to Johnson v. Ætna Ins. Co. (Ga.) 107 Am. St. Rep. 92, 101–103.

[6] Plaintiff relies upon two separate conversations, held by him in the office of Mabry Securities Company, as showing a waiver by, or estoppel upon, defendant with respect to his failure to furnish the required proofs of loss. The first of these was with one Paul Stewart, an office clerk of the Mabry Company, who, on its behalf, solicited applications for insurance, to be placed contingently with one or another of the several companies represented by the Mabry Company. One McLean, a casual solicitor for the Mabry Company, secured the application for this policy from plaintiff, and Stewart placed it with defendant and superintended its issuance and delivery. Stewart was not the agent of defendant, and, so far as appears, defendant had no knowledge of his employment. He was, therefore, without authority to bind defendant by any declarations he may have made to plaintiff as to the necessity, or not, of making proofs of loss. Waldman v. North Brit. & Merc. Ins. Co., 91 Ala. 170, 8 So. 666, 24 Am. St. Rep. 883; Hanover Fire Ins. Co. v. Wood, 209 Ala. 380, 384, 96 So. 250.

The conversation with Mr. Jones, president of the Mabry Company, occurred on September 27, the sixtieth day after the fire. Plaintiff visited the Mabry Company's office for the purpose of inquiring as to defendant's failure to pay him the insurance money. Mr. Jones told him he understood the insurance company had enough evidence to show that plaintiff himself burned his house. Plaintiff asked him what was the best thing for him to do. Mr. Jones said it would be best not to stir them up and get them mad, and that if plaintiff burned it up he would know better than any one to say nothing; and the only thing he could say for him to do would be to write them a nice letter and ask them for it. Plaintiff asked him if an affidavit of any kind would be required, and he said "No."

Plaintiff's witness, Moore, who was present during the conversation, testified that plaintiff said, "I am ready to sign any paper, Mr. Jones, to the fact that my house was burned up"; and Mr. Jones said, "It is not necessary to do that; write the people a letter, a nice letter, and tell them about your house being burned up and that you want your money."

The necessary implication from this conversation is that plaintiff's claim was understood to have been presented to the company, and that the question of its payment had been under consideration. It does not appear that Jones knew that proper proof of loss had not been seasonably made by plaintiff. The subject of the conversation was the delay in the settlement and the company's alleged evidence showing that plaintiff was

the guilty author of the fire. The affidavit offered was to show merely that the house was burned and to induce and expedite payment.

Our conclusion is that the time, circumstances, and substance of this conversation do not permit a reasonable inference that the Mabry Securities Company, through Jones, intended to waive or excuse the performance of plaintiff's obligation to furnish to the company the proof of loss required by the policy, and that Jones' statement that no affidavit was necessary, for the limited purpose under discussion, is not a basis for estoppel of the company with respect to such proof. It results that the trial court erred in rendering judgment for plaintiff under the evidence before it.

[7] Replications 3 and 6, setting up the waiver and estoppel relied on, are substantially defective in not alleging that defendant's agent, Mabry Securities Company, was duly authorized in the premises, or that its acts and declarations in that behalf were within the scope of its agency. Hanover Fire Ins. Co. v. Wood, 209 Ala. 380, 383, 96 So. 250. The facts alleged are not sufficient, per se, to show such authority, and the demurrers pointing out this defect should have been sustained.

Let the judgment be reversed and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

### On Rehearing.

SOMERVILLE, J. [8] Appellant excepts to the statement in the opinion that the written commission of the Mabry Securities Company "is to be liberally construed." This principle is stated in 1 Joyce on Insurance, §§ 425, 426, 440, where it was said that "the tendency of courts of the present day is toward a liberal rather than a strict construction of an agent's powers," a text which was quoted with approval in Ga. Home Ins. Co. v. Allen, 128 Ala. 451, 460, 30 So. 537, it does not mean that an agent's commission will be extended beyond its terms (Brantley v. So. Life Ins. Co., 53 Ala. 554, 556), but only that when the terms are of doubtful import they will be construed in favor of the agent's authority rather than against it. As said in 2 Corp. Jur. 559, § 201 (Agency): "That construction should be preferred if possible which would be most favorable to a third person dealing with the agent, and which would uphold the agent's acts."

Our consideration of the applications for rehearing, made by both appellant and appellee, has not persuaded us that our conclusions, as stated, were wrong, and both applications will be overruled.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.