(119 So. 15)

## LONDON & LANCASHIRE INS. CO. v. McWILLIAMS. (2 Div. 921.)

Supreme Court of Alabama. Nov. 8, 1928.

Rehearing Denied Dec. 20, 1928.

504

Steiner, Crum & Weil, of Montgomery, Paul E. Jones, of Camden, and Pettus, Fuller & Lapsley, of Selma, for appellant.

Hobbs, Craig & Brown, of Selma, for appellee.

GARDNER, J. Action on a policy of fire insurance by J. M. McWilliams against the London & Lancashire Insurance Company. From a judgment for the plaintiff, defendant appeals. This is the second appeal in the cause. London & Lancashire Ins. Co. v. McWilliams, 215 Ala. 481, 110 So. 909.

The defendant relied upon a breach of the policy provision requiring proof of loss as condition precedent to a recovery thereon, and as a further defense to the action that plaintiff willfully burned the insured property. Plaintiff admitted a failure to furnish proof of loss as required by the policy, but relied upon a waiver (replication A) of this provision by the Mabry Securities Company representing defendant as its agent, and the conduct of said agent in reference thereto pleaded as an estoppel in replication B.

The sufficiency of these replications as considered on former appeal (numbered 3 and 6), and held defective in failing to allege that the agent was duly authorized in the premises, or that its acts and declarations in that behalf were within the scope of its agency. Replications A and B adopted replications 3 and 6, and added the above-noted averments suggested in the opinion on former appeal. We think the discussion of the question involved in these replications as found in that opinion, and the authorities therein cited, will suffice to demonstrate without further discussion the sufficiency of replications A and B as against the demurrer interposed thereto. See, also, Liverpool & London & Globe Ins. Co. v. McCree, 213 Ala. 534, 105 So. 901.

Counsel for appellee challenge the correctness of the former holding to the effect that the evidence is sufficient to establish the Mabry Securities Company as the general local agent of the defendant with apparent authority to waive proof of loss as required by the policy. The question was considered by this court on original consideration, and again upon application for rehearing on former appeal. The argument of counsel has been given due deliberation on this appeal, but we are not persuaded that holding was erroneous, and we adhere thereto.

It is further insisted that the great preponderance of the evidence was opposed to these replications, but we would be unwilling to disturb the trial court's finding upon that issue. The argument of counsel in this respect, moreover, loses sight of the further averment that the agent's denial of liability rested solely upon the ground that defendant had proof tending to show plaintiff burned his own house, thus constituting a

waiver of other defenses (Southern States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63), and as to which, very clearly, it could not be successfully insisted the preponderance of the evidence was opposed.

It is strenuously argued by appellant's counsel that the defense of willful burning by the plaintiff of the property insured was established by evidence so strong and cogent as to call for a new trial, and that the defendant's motion to that end should have been granted, and the judgment set aside. The argument is forceful, and has been given careful consideration by the court in consultation in connection with the evidence in the case. The proof is circumstantial. The fire occurred about 11:15 p. m., and plaintiff offered evidence tending to establish an alibi. For a motive defendant points to the purchase of the property by plaintiff in 1920 or 1921 for $1,000, with evidence tending to show the house at the time of its destruction was in a very dilapidated condition. Plaintiff answers with proof that the house was in good condition, and that he had expended a considerable sum in improvements since its purchase, and, by apparently disinterested witnesses, its value at $2,000. So we find it at every material point in the evidence—a sharp conflict.

The case was tried before the court on oral proof, and without a jury. The former trial had likewise resulted in a judgment for the plaintiff. The trial judge had the advantage of noting the demeanor of the witnesses upon the stand, which would appear in this particular case to have been of unusual aid in arriving at the proper judgment to render. The rule is well recognized that, under the circumstances as here presented, the finding of fact by the trial judge will not be here disturbed, unless plainly erroneous or manifestly wrong. Halle v. Brooks, 209 Ala. 486, 96 So. 341; Birmingham News v. Collier, 212 Ala. 655, 103 So. 839; Bell v. Blackshear, 206 Ala. 673, 91 So. 576. Upon due consideration, and in the light of this well-recognized rule, we find ourselves unwilling to disturb the action of the court below in denying the motion for a new trial upon this ground.

Another ground for a new trial was newly discovered evidence. "One of the prerequisites to a favorable consideration of such motion upon this ground is that it be made to appear due diligence had been unavailingly used by the movant prior to the trial." Gilbreath v. Bain, 212 Ala. 100, 101 So. 762. We are persuaded this has not been sufficiently made to appear, and that the diligence exercised in this respect was "since the verdict was rendered." Woodward Iron Co. v. Sheehan, 166 Ala. 429, 52 So. 24; Gilbreath v. Bain, supra.

Moreover, the newly discovered witness was duly examined orally before the court, and plaintiff was permitted to offer impeaching testimony by several witnesses, and we are of the opinion this evidence would have worked no change in the result. Schlaff v. L. & N. R. Co., 100 Ala. 377, 14 So. 105; Jones v. Tucker, 132 Ala. 305, 31 So. 21.

We are persuaded there is no error in the record, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.