(132 So. 165)

**INDEMNITY COMPANY OF AMERICA v. PUGH.**

**3 Div. 943.**

Supreme Court of Alabama.

Jan. 22, 1931.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Thos. E. Martin and Thos. B. Hill, Jr., both of Montgomery, for appellee.

GARDNER, J.

Plaintiff insured with defendant company his automobile against theft and fire in the sum of $1650. The evidence is to the effect and uncontradicted that the car was stolen, and when found was demolished and valueless.

Plaintiff, the day following the theft of the car the night before, reported the same to the local agent issuing the policy who referred him to one McCann, an insurance adjuster. There were negotiations with McCann, but no adjustment or agreement reached, hence this suit.

The cause was tried before the court without a jury on oral proof, resulting in a judgment for plaintiff, from which defendant prosecutes this appeal.

■ The sole defense was a failure on plaintiff's part to furnish proof of loss as required by the policy provisions. Plaintiff insists the evidence sufficient upon which to conclude there was a waiver of this forfeiture clause. We concur in this conclusion.

■ This same car of plaintiff's had been stolen a few days prior to this second theft and recovered in Atlanta. McCann had acted for the company as adjuster of that loss and an agreement reached that the sum of $245 be paid therefor. McCann made no requirement of proof of loss as to the first theft until the adjustment was made. Of course, as insisted by defendant, the loss under the first theft is separate and distinct and has no connection with that here sued for (33 Corpus Juris, pp. 30, 31), but under the circumstances here presented we think McCann's course of conduct on a similar claim with the same party only a few days previous is admissible as a circumstance to be looked to in consideration of its probable effect as calculated to lead plaintiff to believe that a like course of conduct was to be pursued in the instant claim. 33 Corpus Juris, p. 25.

A few days after notifying McCann, plaintiff called at his office and gave him full information, answering in detail numerous questions propounded, and signed the same, though there is no insistence this was a compliance with the requirements of proof of loss as the signed statement expressly so states, but that it gave full information is clear. Later plaintiff called again and informed McCann he would like to get a settlement of the loss as he was negotiating for a job in Savannah, and that McCann told him to go ahead, that he could settle as well in Savannah as Montgomery. He went to Savannah, secured the job, and returned to Montgomery. McCann told him he would be absent a few days, and would be back Thursday and make settlement. Plaintiff told him he must return at once to Savannah, and McCann suggested giving some one power of attorney, and he would settle with him. G. W. Covington, Jr., was so appointed.

Plaintiff testified also that he told McCann he would "do anything the company required," and asked him for blanks when he was in his office and before he went to Savannah, and that he replied he would see him in a few days. It may be here observed that McCann's testimony shows that the same blank forms for use of proof of loss used in the first claim were there in the office while plaintiff was calling on him, and no suggestion of necessity therefor was made, nor were any blanks offered him, and he admitted that plaintiff "gave all information requested when taking statement referred to above, and answered all questions asked freely and voluntarily." It may be also here noted that the clause in the policy as to the proof of loss stipulates that the statement to be rendered by the assured to the company shall be "on forms supplied by the company." When plaintiff importuned and made inquiries about settlement, McCann would always "put him off politely," but was "always doing all he could to secure it for him."

While plaintiff was in Savannah, his agent, Covington, was in communication with McCann for settlement, and on October 12, 1929, following the theft of the car on August 20th preceding, plaintiff wrote McCann stating Covington had informed him no settlement had been made, and urging a settlement, saying: "Could I do anything if I were there to close this thing up without me having to let a lawyer cut in on same. If you say I can do any good, and you will write me, I will go to Montgomery Sunday the 20th. However this trip will cost me at least $50.00, and if you and Mr. Covington can settle this claim without me having to make this trip I sure will appreciate it." McCann made no reply and testifies that Sunday, the 20th, mentioned in that letter was the last day of the 60-day limit for filing proof of loss. A few days before this letter, plaintiff had written another letter to McCann bearing date October 7th, in which he said: "I have just learned today that you and Mr. Covington had not settled my insurance claim. Will you please let me know by return mail what is holding it up? For this I will certainly thank you." There was no reply.

The suggestion of counsel for defendant that the conversations with McCann may not have occurred within the 60-day limit is not well taken. While the exact dates may not be given, we think it clearly appears these conversations occurred prior to the writing of the letter above indicated and within the 60-day period.

Covington, plaintiff's agent, was permitted to testify, over defendant's objection, that within the 60-day period, McCann made him an offer of settlement of six hundred or six hundred and fifty dollars.

■ Defendant cites Globe & Rutgers Fire Ins. Co. v. Pappas, 219 Ala. 332, 122 So. 346, and Feibelman v. Manchester Fire Assur. Co., 108 Ala. 198, 19 So. 540, in support of its insistence. The objection is that this proof shows an offer of compromise, privacy of which the law protects in order to encourage extrajudicial settlements. This is the general rule, well recognized by the authorities. Sandlin v. Kennedy S. Co., 165 Ala. 577, 51 So. 622; Long v. Myers, 202 Ala. 238, 80 So. 76.

■ There seems to have been in the instant case no definite valuation placed upon the car or amount fixed by plaintiff at the time the adjuster made the offer of settlement, and it may be questioned that this evidence comes within the rule as to offer of compromise, rather than a mere offer to pay less than the policy amount. But, however that may be, it is to be noted the cases above cited were dealing with evidence of offer of compromise as affecting the question of liability, and not a mere evidential circumstance to be considered upon the question of waiver of proof of loss. As such, and for this limited purpose, the evidence was admissible in connection with all the other evidence in the case as tending to show that any denial of liability would rest upon some ground other than a failure of proof of loss. Vol. 7, Cooley's Brief on Ins. (2d Ed.); Ib. 6006–7; 14 R. C. L. p. 1349.

The Mississippi court in N. O. Ins. Ass'n v. Matthews, 65 Miss. 301, 4 So. 62, held the offer of settlement alone would be insufficient as a waiver, but was to be considered in connection with all the other evidence of negotiation and discussion for submission to the jury as to whether or not the "average man" might not be misled thereby into the belief that he need not make any further proof of loss than was known to the insured. There are numerous authorities holding to the view that an offer on the part of the company to pay all or a part of the loss amounts to a waiver of formal notice and proof of loss. 14 R. C. L. p. 1349; 7 Cooley's Brief on Ins. (2d Ed.) pp. 6006–7; note, Teasdale v. City of N. Y. Ins. Co., Ann. Cas. 1916A, page 595.

■ But we need enter into no consideration of the reasoning upon which these authorities rest, as that question is not here involved, as we have here many facts and circumstances to be considered in connection with the offer of settlement as was the case in N. O. Ins. Ass'n v. Matthews, supra. The decision is confined therefore to the case here presented. As thus confined, we are not called upon to go beyond the holding of the court in the Matthews Case, applicable to the facts of the instant case, and the soundness of which, in this respect at least, we think clearly appears. It is not questioned that, if in fact the evidence sufficed to show a waiver, the adjuster was acting within the scope of his authority, and that his conduct would be binding in this respect upon the company. Penn. Fire Ins. Co. v. Draper, 187 Ala. 103, 65 So. 923; Georgia Home Ins. Co. v. Allen, 128 Ala. 451, 30 So. 537; So. States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63; Tedder v. Home Ins. Co., 212 Ala. 624, 103 So. 674; Ins. Co. of North America v. Williams, 200 Ala. 681, 77 So. 159.

In Ray v. Fidelity-Phoenix Fire Ins. Co., 187 Ala. 91, 65 So. 536, 538, it was held that the company's mere investigation of the loss on its own account, and for its own satisfaction, would not constitute a waiver of proof of loss, but, in discussing conduct from which such waiver may be reasonably inferred, the court quoted with approval the following from Cooley's Briefs: "If the company investigates the loss on its own account, and so conducts itself with relation thereto as to show a satisfaction with the knowledge thus obtained, or to induce reasonable belief in insured that it is so satisfied, and does not desire formal notice or proofs, it will amount to a waiver of such formalities."

■ There are many instances in which, of course, as argued by counsel for defendant, a waiver cannot be inferred from mere silence, but on the other hand, under the peculiar facts and circumstances presented, silence may be considered as giving acquiescence and interpreted as misleading. Such was the case in the Ray Case, supra, and also in Alabama State Mut. Assur. Co. v. Long Clothing Co., 123 Ala. 667, 26 So. 655.

We think, therefore, in connection with a consideration of the negotiations had between plaintiff, his agent, and the adjuster, his offer to do anything that was demanded by the company and his request for blanks, and the adjuster's dilatory conduct and assurance that he was investigating and waiting to hear from the company, the letters written by plaintiff to McCann should be also given due weight in view of the urgent appeal therein contained to let him know if there is anything he could do were he present in Montgomery to expedite a settlement. We think the evidence entirely sufficient from which to reasonably infer that the adjuster knew that in fact plaintiff had not strictly complied with the clause in the policy requiring proof of loss. Was the conduct of the adjuster such as calculated to mislead plaintiff, as a reasonably prudent man, into the belief that requirements as to proof of loss would not be insisted upon? 33 Corpus Juris, 25. We are persuaded a reasonable

inference to that effect may be drawn from the evidence here presented.

We approve the following from the Iowa court in Teasdale v. City of N. Y. Ins. Co., 163 Iowa, 596, 145 N. W. 284, 286, Ann. Cas. 1916A, 591, supra: "Proofs of loss required by the policy of insurance may be waived by a shuffling, tricky, or evasive course of conduct on the part of the company, amounting neither to an actual denial or a distinct recognition of liability, yet such as to lead a reasonably prudent man to believe that proofs of loss are not to be required." We think the quotation applicable in part here.

No reflection upon the adjuster in the instant case, however, is intended, and nothing indicating any unethical or tricky conduct, but it was evasive, and in view of all the facts and circumstances was calculated to mislead, especially in view of plaintiff's experience with this same adjuster only a few days previous, when no proof of loss was required before the adjustment of the claim.

Some of our cases bearing upon the question of waiver are N. Y. Life Ins. Co. v. Turner, 213 Ala. 286, 104 So. 643; Commercial Fire Ins. Co. v. Allen, 80 Ala. 571, 1 So. 202; Capital City Ins. Co. v. Caldwell, 95 Ala. 77, 10 So. 355; Fire Ins. Co. v. Felrath, 77 Ala. 194, 54 Am. Rep. 58; London & Lancashire Fire Ins. Co. v. McWilliams, 218 Ala. 503, 119 So. 15; Id., 215 Ala. 481, 110 So. 909. The case of London & Lancashire Fire Ins. Co. v. McWilliams, 215 Ala. 481, 110 So. 909, upon which appellant lays much stress, presents an entirely different state of facts, and is not here analogous.

We conclude the judgment of the trial court was justified by the proof, and it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.