314 So.2d 871

**NATIONAL SECURITY FIRE AND CASUALTY COMPANY**

v.

**William C. HODGIN and Jerry L. Morrow.**

**Civ. 476.**

Court of Civil Appeals of Alabama.

June 18, 1975.

Davies, Williams & Wallace, Birmingham, for appellant.

Robert C. Barnett, Birmingham, for appellees.

**WRIGHT, Presiding Judge.**

This is an appeal from a judgment in favor of insured in a suit upon a fire insurance policy.

The defendant, National Security Fire & Casualty Company, hereafter called National, issued a standard fire policy to plaintiffs in the amount of $10,000.00, insuring against loss by fire of improvements, betterments and contents to the extent of actual cash value at the time of loss, but not exceeding the amount which it would cost to replace or repair with like kind and quality. The property insured was located in a one-story, frame building located at 13015 South Memorial Parkway, Huntsville, Alabama. The property was occupied as a private club known as the Pink Pussycat.

A fire occurred on February 10, 1972. Suit was brought on the policy on October 31, 1972, alleging total loss of property covered by the policy.

As the suit was originally brought it claimed damage for loss of furniture and fixtures and was brought only by Jerry L. Morrow. On August 8, 1973, motion was filed to join co-insured William C. Hodgin as an involuntary plaintiff. Motion was granted. On May 15, 1974, having previously filed demurrer, National filed defenses. Trial by jury began the same date. Jury was struck and opening statements made. Prior to presentation of witnesses the following day, plaintiff amended the complaint to claim damage for loss of improvements, betterments and contents.

Upon trial, verdict and judgment was for plaintiffs in the sum of $8,000.00 plus interest, or $8,980.00. National has assigned numerous errors on appeal. The first is that the court erred in permitting the amendment of the complaint on the day of trial and refusing a motion for continuance made because of it. The amendment complained of was the changing of the claim for loss from furniture and fixtures to improvements, betterments and contents. The amendment merely brought the complaint within the wording of the policy. The amendment neither added a claim nor, in fact, changed the original claim. The action was for recovery under a policy of insurance. National issued the policy and was fully aware of the property covered therein. The amendment did not affect the defenses previously filed. We fail to see how the defense was prejudiced so that a continuance was merited. Rule 15(b) ARCP plainly approves liberal amendment when justice requires. Permitting the amendment without granting a continuance was not error. *Robbins v. Jordan*, 86 U.S.App.D.C. 304, 181 F.2d 793, 6 Wright & Miller, *Federal Practice and Procedure, Civil*, Sec. 1495.

During the trial, plaintiffs' attorney twice asked questions of a witness about an offer of settlement. On a third occasion, a question was asked a witness about a conversation between plaintiff and the insurance investigator. Counsel in asking the question told the witness not to state any offer of settlement. On each occasion objection was made and sustained. No answer was given that there had been an offer of settlement. The jury was instructed not to consider any offer of settlement, but motion for mistrial was overruled. National assigns as error the refusal of a mistrial and refusal to grant a new

trial. An offer by one party to the other in a civil action to settle or compromise their differences is inadmissible in evidence as a general rule. *Globe & Rutgers Fire Ins. Co. v. Pappas*, 219 Ala. 332, 122 So. 346. *Hester v. Ford*, 221 Ala. 592, 130 So. 203.

This court in the recent case of *Alabama Farm Bureau Mutual Casualty Ins. Co. v. Adm. of Estate of Annie O. Humphrey*, 54 Ala.App. 343, 308 So.2d 255 reviewed the matter of improper questions and argument.

■ In a case where objection to improper argument is made and sustained with strong action by the trial court instructing the jury that such matter was not correct, and admonishing them not to consider it, the test on motion for new trial and on appeal is whether such matter was so harmful and prejudicial that its influence was not or could not be eradicated from the minds of the jury. *McLemore v. International Union, etc.*, 264 Ala. 538, 88 So.2d 170.

■ If, after applying the above test, the trial court denies a motion for new trial, its determination is presumed correct. In order to overrule such presumption, the reviewing court must determine from the record that the illegal matter was so prejudicial that its effect was ineradicable and resulted, or could have resulted, in a biased and unjust verdict. *Ford v. Washington*, 288 Ala. 194, 259 So.2d 226; *Kilcrease v. Harris*, 288 Ala. 245, 259 So.2d 797.

■ Considering that no answer was ever made to the improper question of plaintiff's counsel in this case, and the jury was strongly informed that an offer of settlement was not admissible and not to be considered, we cannot say that the unsuccessful attempts to introduce illegal evidence of an offer of settlement were so prejudicial as to have required the granting of a mistrial or a new trial. We certainly do not condone efforts of counsel to inject evidence which was patently illegal.

Such trial tactics in other cases may prove fatal to his case. The case of *Gwin v. Church*, 272 Ala. 674, 133 So. 880, though distinguishable on the facts, is a good example of the adverse effect of persistence in attempting to inject illegal evidence in disregard of the trial court's ruling.

We have considered argument of assignments of error V through IX and find that they present, after review, nothing which requires discussion here. We find no error in the rulings complained of.

Assignment of error XIII charges that the court erred in denying the motion for a new trial because the evidence failed to support the verdict and that the verdict was contrary to the law of the case as stated in the court's oral charge.

The court's oral charge contained the following:

"I charge you, ladies and gentlemen of the jury, if you are reasonably satisfied from the evidence that the plaintiffs are entitled to recover for the betterments and improvements, then, I charge you ladies and gentlemen of the jury, that the burden of proof is upon the plaintiff to show you the cost of repair or replacement of such betterments and improvements, and of the amounts of your award may not exceed that proportion of such repair or replacement cost, which the unexpired term of the plaintiff's lease bears on the original term."

■ Plaintiff made no exception to the court's oral charge. It therefore became the law of the case by which the jury was bound. *Lee v. Gidley*, 252 Ala. 156, 40 So.2d 80.

■ We have carefully examined the transcript of the evidence. We find no evidence of proration of any such costs to the unexpired term of the lease. Witness for defendant stated certain costs of repairs to the building and betterments for re-opening after the fire, but there was no relation of such costs to the specific im-

provements and betterments existing prior to the fire. There was slight testimony as to cost of stock stated to have been present in the building prior to the fire. Plaintiffs could offer no direct evidence as to cost or actual value of contents. They were unable to give a cash value of any specific item. However, Hodgin was permitted to state, without objection, that his loss of contents was from $5,000.00 to $6,000.00. The jury was at liberty to consider such testimony in determining damages.

 In view of the absence of evidence as to cost of repair of improvements and betterments, we find the verdict of the jury unsupported and contrary to the charge of the court in such respect. As we are unable to discern what portion of the damages awarded was for loss of contents and what portion was for loss of betterments and improvements, the veredict and judgment must be set aside and the matter remanded for a new trial.

Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.