320 So.2d 649

**Mary Elizabeth MILLSAP**

**v.**

**Franklin WILLIAMSON et al.**

**SC 400.**

Supreme Court of Alabama.

Oct. 2, 1975.

Kenneth Cooper, Bay Minette, for appellant.

Larry U. Sims, Mobile, for appellees.

BLOODWORTH, Justice.

Appeal by appellant (plaintiff below) from a judgment and jury verdict for appellees (defendants below) after motion for new trial was overruled.

This action was commenced, and trial had, before the advent of the A.R.C.P. Prior to the taking of testimony in the case-in-chief, appellees filed a motion in limine, asking the court to restrain appellant's counsel from making any comment before the jury concerning certain offers of compromise made by appellee City of Evergreen. The court granted appellee's motion to which appellant duly excepted. Upon being questioned by appellant as to the scope of this ruling, the court responded by stating: "What I am saying is that I am not going to allow counsel for the plaintiff to go into any of the discussions back and forth with reference to compromise in this matter." He added that the ruling applied only to the Mayor of the City of Evergreen.

The suit is for damages allegedly caused by appellees in wrongfully taking 182 pieces of silverware belonging to plaintiff

from her house (Count One) and for damages allegedly caused by appellees in wrongfully and wantonly breaking into the house and trespassing thereon (Count Two). Six pleas were filed by appellees: the first is a plea of not guilty; the second, third and fourth are pleas of justification; the fifth is a plea of implied consent; and the sixth is a plea of governmental immunity. No demurrers were filed to the first five pleas. Demurrer was filed to plea six but no ruling was made thereon. Neither the final argument nor the oral charge refers to plea six.

The case was submitted to the jury on Count Two, Count One having been eliminated. After jury verdict for appellees-defendants, judgment was entered accordingly. When the motion for new trial was overruled, this appeal followed.

It appears from the evidence in this cause, that one Gene Hayes reported to the City of Evergreen that he observed a big stream of water running down a light fixture on the front porch at appellant's unoccupied dwelling house in Evergreen. Representatives from the water and police departments were sent to the house by the City Clerk to check on the leak. Mr. W. C. McGowin, father of appellant, was called at his home at Bay Minette by the City Clerk and advised of the situation. The Clerk testified he told her to do what they could. He testified that he told her not to send anyone out to find the leak because the water was turned off. The witness left his home in Bay Minette and arrived an hour later at the house. In the meanwhile, employees of the city water department, accompanied by the Chief of Police, went to the home. They observed the leak and tried unsuccessfully to close the water valve. One employee entered the house by removing a screen over a sink in the kitchen and another entered by going in an upstairs window. One employee removed two doors from their hinges, replacing them later. The employees testified that they found the house badly disarrayed, magazines and drawers were in disarray

and some drawers were pulled out of dressers. The city employees denied taking anything from the house or doing any of the damage for which appellant claims. The employees also testified that Mr. McGowin, appellant's father, thanked them for what they had done in protecting the property, and wanted to fill out a "house check" authorizing the police to check on the house in the future. He did not appear upset or angry and demurred to the suggestion that he accompany the employees back to the house to let them show him what they had done. He said he had been in the house and everything was all right.

Appellant testified that she had been away for nearly three weeks. She said that keys to her house had been misplaced although she did not say appellees had taken them. She stated they could have been secured by an unauthorized person or persons. Silverware was missing although she admitted that she did not know who took it and that some of the missing pieces had been stolen several years before. She testified she personally thanked the City Clerk for calling her father.

Appellant presented an expert appraiser, C. W. Coleman, who was offered to show the damages to the house. He testified that he had never seen the house before January 13, 1970, the date of the incident, nor until two and one-half years after that date. He admitted his valuation was based on what others told him.

Appellant first argues that error was committed by the trial judge in granting appellees' motion in limine.

Although conceding that offers of compromise are inadmissible, appellant contends that admissions against interest are not. She says that the trial judge should have heard all the evidence and then left it to the jury to determine whether the proffered testimony was a "compromise" or an "admission against interest."

On the other hand, appellees argue that the ruling was correct because the testimo-

ny produced in support of the motion clearly shows that the material excluded was an inadmissible offer of compromise.

Appellees' brief summarizes the testimony on this point as follows:

" * * * Upon learning of the appellant's claim, the Mayor called a special meeting of the Council of the City of Evergreen to consider the claim. The minutes of the meeting introduced during the hearing expressly state that appellant and her father were invited to the council meeting to inform it of any settlement she was expecting from the city; that appellant set forth her 'demands for settlement' from the city; and, whereupon, one of the councilmen moved to settle the claim with her on a specified basis but stipulated that 'this settlement was not being offered as an admission of guilt on the part of any city employee'. A subsequent letter from appellant's attorney set forth a counter demand for settlement which was an enlargement on the settlement offer previously made by city council during its meeting. (The additional items demanded were replacement or compensation for additional pieces of silver and burglar bars to be constructed over the entire house rather than just the ground floor.) The city through its attorney, then made its final offer of settlement in a letter from the city attorney to appellant's counsel in which it was stated that the offer of compromise contained in the letter would remain open for a period of 30 days."

■ Both parties cite 31A C.J.S. Evidence § 289 at pages 28–29 as authority for their respective positions, viz:

"Before the competency of an offer or statement is passed on, *the preliminary question of whether it is an offer of compromise or an inseparable part of one, or an independent admission, must be decided. Ordinarily this question is, in the first instance, one for the court;* and where there is no doubt that the

proffered statement was an offer of compomise, it is error to submit the question to the jury.

"However, where the circumstances create a doubt as to the nature of the statement, the preliminary question is one of fact, and if the case is being tried before a jury, the statement may, and, it has been held, should, be received in evidence under instructions to the jury not to consider it if found to be a mere offer of compromise." [Emphasis added.]

■ We agree with appellees that the first portion of the quoted section states the rule which governs us in this case and that it is clear that what is involved here is an offer of compromise which was properly excluded from the jury's consideration. See also *National Security Fire & Casualty Company v. Hodgin,* 55 Ala.App. 268, 314 So.2d 871 (1975).

■ Appellant next contends that it was error for the court to sustain appellees' objections to testimony by C. W. Coleman as to the amount of damages allegedly suffered by appellant and to refuse to give her charge number 2, relating to damages.

This Court has long held that where the jury has rendered a verdict for defendant, and plaintiff appeals, the error, if any, in sustaining an objection to testimony as to damages or in refusing plaintiff's charges as to damages, is error without injury and cannot be made the basis for a reversal on such ruling. *Coker v. Ryder Truck Lines,* 287 Ala. 150, 249 So.2d 810 (1971); *Graves v. Wildsmith,* 278 Ala. 228, 177 So.2d 448 (1965); *Roll v. Dockery,* 219 Ala. 374, 122 So. 630 (1929).

Moreover, the plaintiff subsequently elicited the same testimony as to damages from another witness. Additionally, the witness was not clearly shown to be sufficiently acquainted with the property, and the alleged damages thereto, before the alleged trespass or immediately afterwards.

Finally, we hold that there was no error in the trial court's overruling appellant's motion for new trial. The rules governing our review in such instances are well known. See our recent decision in *Hubbard Brothers Construction Company etc. v. C. F. Halstead Contractor etc.,* 294 Ala. 688, 321 So.2d 169 (1975).

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX, FAULKNER, JONES, ALMON, SHORES and EMBRY, JJ., concur.