HOLMES, Judge.
From a judgment of $4,924 entered against them in the Circuit Court of Montgomery County, Fred and Mary Henderson, defendants below, take this appeal.
The Hendersons have framed numerous issues for appeal, three of which warrant substantial discussion by this court. They contend the trial court erred to reversal by (1) not granting their motion for a continuance when they were served with appellee Moore-Handley’s amended complaint only on the day of trial (2) denying their motion for a continuance when interrogatories remained unanswered by the appellee, Moore-Handley, and (3) entering a personal judgment against them when both the original and amended complaint sought to enforce a materialman’s lien. The record sustains the trial court’s ruling with respect to each of these matters.
Viewed with the attendant presumption of correctness, the record reveals the following:
The Hendersons own two parcels of real property in Montgomery County, Alabama, approximately 22.1 acres on Old Pike Road and 25 acres in Rolling Acres. These parcels are at least 20 miles apart.
In October of 1975, the Hendersons, while residing in Plant City, Florida, contracted with Central Alabama Builders (CAB) for the latter to construct a house on the property on Old Pike Road. Billy McDowell, the owner of CAB, went to Moore-Handley, Inc., appellee herein and plaintiff below, to purchase items for the construction of the house.
Prior to furnishing any materials to CAB, Moore-Handley sent a letter to the Hendersons captioned “Notice to Owner.” This letter stated that Moore-Handley was furnishing building materials for the improvement of the real property located on Old Pike Road “Under Order Given By: Fred 0. Henderson Sr.” Also, on the letter was a notation that a copy was sent to CAB.
Thereafter, Moore-Handley supplied $7,424.79 worth of building materials for the Hendersons’ house. Some of these materials for the exterior of the house, e. g, doors, windows and roofing, were chosen by the Hendersons either on the Moore-Hand- *1167 ley premises or from a Moore-Handley cata-logue at the job site. Basic building materials such as studs, sheetrock, etc., were selected by McDowell. The Moore-Handley invoices for the materials purchased bore the following notations: “Sold to Central Ala. Builders”, . . . “Ship To Henderson Job.”
Moore-Handley filed a claim of lien in the Probate Court of Montgomery County on February 24, 1976, to secure the indebtedness of $7,424.79. The claim erroneously described the property in Rolling Acres, on which there was only a mobile home, as opposed to the property on Old Pike Road, where the house had been erected by CAB.
On March 11,1976, Moore-Handley filed a complaint in the Circuit Court of Montgomery against the Hendersons which alleged in pertinent part:
“The Plaintiff claims of the Defendants the sum of Seven Thousand Four Hundred Twenty-four and 79/100 ($7,424.79) Dollars, due on the account made on to-wit: February 23,1976, . which is past due and unpaid. Plaintiff avers that said account represents materials furnished by the Plaintiff at the request of Central Alabama Builders the agent and contractor for the Defendants, which was furnished by and was used in the construction of or improvement of . certain real estate [in Rolling Acres] . . .
“The Plaintiff claims a lien on said real estate as provided for mechanics and ma-terialmen by law . . .”
Thereafter, on November 8, the day before the trial, Moore-Handley amended its complaint to claim a materialman’s lien on the property on Old Pike Road. CAB completed proceedings in bankruptcy sometime pri- or to trial.
On the day of the trial, November 9, 1976, the Hendersons were served with the amended complaint. On that same day the trial court entered judgment for Moore-Pertinent portions of the judg-v: Handley, ment follow:
“[I]t is considered and ordered by the Court, and it is the judgment of the Court that judgment be and the same is hereby rendered in favor of the plaintiff and against the defendant for $4,924.79.
“It is therefore considered, ordered, and adjudged by the Court that the plaintiff have and recover of the defendant the said sum of $4,924.79 Dollars, . . ”
The trial court denied the Hendersons’ motion for a new trial and they subsequently filed this appeal. Other relevant facts will be set forth as they relate to the issues on appeal.
I
The Hendersons contend that the trial court’s denial of their motion for a continuance constitutes reversible error. They state that the amended complaint, by changing the description of the property, materially altered Moore-Handley’s claim and that they should have been given the opportunity to answer and prepare defenses for the amended complaint. We disagree. The trial court could reasonably have concluded that the Hendersons had notice of the claims against them and should have been prepared to defend at the time of trial.
First, as shown above, Moore-Handley’s original complaint claimed a materialman’s lien for an account due for materials furnished for the Hendersons’ house at the request of CAB. On June 30,1976, approximately one week after the four month time limit for filing a materialman’s lien had expired (see Tit. 33, § 42, Code of Alabama, recomp. 1958), the Hendersons had moved for summary judgment. The ground asserted therefor in affidavit was that they had no house on the real estate in Rolling Acres, which was the property on which Moore-Handley’s March 11 complaint sought to establish the lien. However, in *1168 the affidavits the Hendersons stated that they owned property on Old Pike Road where they had built a home. At this time, the Hendersons were represented by the same counsel who represented them at trial.
The Hendersons had had only one home constructed by CAB in Montgomery County. We think Moore-Handley’s original complaint which claimed $7,924.79 for materials furnished for the Hendersons’ house built in Montgomery County by CAB, despite the misdescription of property, was sufficient to place the Hendersons on notice as to the transaction upon which trial was to be had.
Additionally, on August 10, 1976, Mr. Henderson signed for a registered letter sent by Moore-Handley’s counsel which correctly described the property on Old Pike Road as that on which Moore-Handley claimed the lien. Also, prior to trial, the Hendersons had responded to Moore-Hand-ley interrogatories concerning transactions dealing with the house built by CAB on the property on Old Pike Road.
Neither interrogatories nor letters of counsel are appropriate substitutes for information which should properly be contained in the complaint. Nevertheless, when pretrial activities of the type detailed above, which revealed the information they did, had been carried on for at least four months prior to trial, claims of surprise and consequent unpreparedness lack credence.
“Continuances are not favored and discretion is vested in the trial court as to granting or denial. The reviewing court will not revise the exercise of such discretion except upon a showing of gross abuse. . . .” World Homes, Inc. v. Wilson, 54 Ala.App. 47, 49, 304 So.2d 603, 604 (1974).
Accord Sherk v. Sherk, 55 Ala.App. 345, 315 So.2d 437 (1975).
Under the facts of this case, the trial court’s denial of the motion for a continuance does not constitute the gross abuse of discretion compelling reversal. See Johnson Publishing Co. v. Davis, 271 Ala. 474, 124 So.2d 441 (1960); Birmingham Electric Co. v. Glenn, 224 Ala. 620, 141 So. 537 (1932); National Security Fire & Casualty Company v. Hodgin, 55 Ala.App. 268, 314 So.2d 871 (1975).
II
The Hendersons also contend the trial court erred to reversal in not granting a continuance because Moore-Handley had failed to answer some interrogatories at the time of trial. The record reveals the following:
“MR. HARRISON [Counsel for the Hen-dersons]: Your Honor, at the point where he [counsel for Moore-Handley] introduces these [invoices showing materials delivered by Moore-Handley to the Henderson’s house], we would like to, at this point we would also like to interject an objection on the grounds that we filed — there’s still discovery left to be had in this. We filed a motion to discover these things, and the discovery hasn’t been completed.

“THE COURT: . . . When did you file your discovery?
“MR. HARRISON: About two weeks ago, Your Honor.
“THE COURT: Why did you wait so long to file it?
“MR. HARRISON: Well, I was not aware this case was set so soon, but that was my mistake. I was not aware and I thought it would be probably another month or so before the case would be set.
“THE COURT: It’s been on the books since March. . . .”
Thereafter, the invoices were received into evidence.
As can be seen, there was no motion by the Hendersons for a continuance on the grounds that the discovery was not *1169 complete. Rather, objection was made to the introduction of evidence on the grounds that the discovery was not complete. Issues not raised in the trial court may not be considered for the first time on appeal. McDuffie v. Hooper, 294 Ala. 293, 315 So.2d 573 (1975); Bible Baptist Church v. Stone, 55 Ala.App. 411, 316 So.2d 340 (1975). The Hendersons, not having sought a continuance based on the outstanding interrogatories, may not now complain of the trial court’s failure to grant a continuance for that reason.
Even had the Hendersons requested a continuance, we cannot state that the trial court would have abused its discretion in denying such request in this instance. Fairway Center Corp. v. U.I.P. Corp., 502 F.2d 1135 (8th Cir. 1974); Shadid v. Oklahoma City, 494 F.2d 1267 (10th Cir. 1974); Commercial Union Ins. Co. v. Gonzalez Rivera, 358 F.2d 480 (1st Cir. 1966).
Ill
The Hendersons state the trial court erred to reversal in granting a personal judgment when Moore-Handley’s original and amended complaints sought to enforce a materialman’s lien. This contention is devoid of merit.
Alabama law clearly permits entry of a personal judgment against the contracting owner even though the material-man cannot establish the lien. To warrant such a judgment, the materialman must show the contracting owner is indebted to him. Lily Flagg Building Supply Co. v. J. M. Medlin & Co., 285 Ala. 402, 232 So.2d 643 (1970); Crosby v. Hale, 277 Ala. 542, 173 So.2d 85 (1965); Lockhart v. O’Neal, 253 Ala. 254, 44 So.2d 17 (1950); Morris v. Bessemer Lumber Co., 217 Ala. 441, 116 So. 528 (1928). Here, a scintilla of evidence exists to sustain such a finding by the trial court.
The record reveals that Moore-Handley, prior to furnishing any materials to CAB, sent the Hendersons a notice which stated Moore-Handley regarded the Hendersons as the ordering party. The Hendersons never informed Moore-Handley that they would not pay for the building materials. In fact, the Hendersons issued a check, dated November 10, 1975, to Moore-Handley for $2,500.
Additionally, Paul Bouler, Moore-Hand-ley’s credit manager, testified that the Hen-dersons themselves directly ordered certain materials for the house from Moore-Hand-ley. He also stated that Mrs. Henderson had told him, when the house was approximately 90-95% complete, that Moore-Hand-ley would be paid at closing.
We deem the preceding facts sufficient for the trial court to have found the Hen-dersons indebted to Moore-Handley on account, either on the theory that Billy McDowell was the Hendersons’ agent and they, consequently, were originally liable, or on a theory of ratification. See Crosby and Morris, supra. Hence, entry of a personal judgment against the Hendersons was correct.
The Hendersons assert additional assignments of error, all of which relate in some manner to statutory directives governing the materialman’s lien. See Tit. 33, §§ 37, 42, 45, Code of Alabama. Irrespective of the remarks made during the course of the trial by the learned trial judge that he intended to grant a material lien in favor of appellee, no such judgment as prescribed by Rule 58(a), ARCP, was rendered. Put another way, the judgment, as set forth supra, does not establish a materialman’s lien. Rather, it is a personal judgment for Moore-Handley for the sum of $4,924.79. Thus, although more than one of the Hen-dersons’ assignments of error regarding the materialman’s lien might be meritorious, they have no effect upon the disposition of this appeal.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.