This is a workmen's compensation case.
Plaintiff was injured on July 5, 1977 while working for the defendant, Langham Small Motors. Defendant paid plaintiff temporary total disability compensation from July 6, 1977 until April 3, 1978 through its insurance carrier, Employers Insurance *Page 1056 
Company (hereinafter referred to as Employers). Defendant terminated payment of such benefits to plaintiff on April 3, 1978. Over a year later, on April 24, 1979, plaintiff filed suit seeking compensation benefits for permanent partial disability. Plaintiff alleged in his complaint that defendant's actions led him to believe that defendant was admitting its liability to plaintiff for permanent partial disability compensation and that such liability would not be contested. Therefore, defendant was estopped from raising the defense that plaintiff's claim for compensation was time-barred under §25-5-80 of the 1975 Code of Alabama on the grounds that it had not been filed within one year after plaintiff had received his last compensation payment from Employers. The trial court found that the statute of limitations contained in § 25-5-80 had been tolled by defendant's conduct and that plaintiff had suffered a twenty percent permanent partial disability to the body as a whole but made no finding that plaintiff had suffered a permanent partial loss of ability to earn. In addition, it permitted plaintiff alone to decide whether such compensation would be payable in one lump sum or in periodic installments.
Defendant assigns as error (1) the trial court's determination that the defendant or its insurance carrier, Employers, committed acts which tolled the running of the statute of limitations contained in § 25-5-80 on plaintiff's claim, (2) its failure to determine whether plaintiff suffered an impairment of his earning capacity, and (3) its decision to allow plaintiff to elect whether he wished to be compensated in one lump-sum payment or by periodic payments. Because we consider the resolution of the first assignment of error as determinative of all the issues presented by this appeal, we have no occasion to consider the merits of the second and third assignments.
In Dorsey v. United States Pipe Foundry Co., Ala.Civ.App.,353 So.2d 797, rev'd, Ala., 353 So.2d 800 (1977), our supreme court stated:
 [W]hen acts are done by the employer which lead the employee to believe that liability under the statute [i.e. § 25-5-80] is admitted and will not be contested, or where the acts of the employer either falsely misrepresent to the employee or fraudulently conceal from him the truth of the facts upon which the liability of the employer depends, the running of the statute of limitations may be tolled, and it is immaterial whether the employee relies upon actual fraud or mere estoppel.
See also L.W. Limbaugh Mining Construction Co. v. Youngblood, Civ. 2072 (Ala.Civ.App., April 16, 1980).
The trial court found as a fact that:
 [U]nder the . . . circumstances of this case, . . . the acts of the Defendant [led] the Plaintiff to believe that liability under the Statute was admitted and would not be contested.
But it made no finding of fact nor does the record disclose any evidence that the insurer falsely represented to plaintiff or fraudulently concealed from him the truth of the facts upon which defendant's liability depended. We are, therefore, concerned only with whether the insurer led the employee to believe that liability had been admitted and would not be contested.
The pertinent evidence shows that the plaintiff-employee had two separate conversations with Ricky Smith, an agent of Employers, in which Smith offered to settle plaintiff's claim for permanent partial disability benefits for $2,500 and, later, $3,000 after the insurer had terminated plaintiff's temporary total benefits. Plaintiff rejected both offers and enlisted the aid of an attorney, Mr. Stephen Heninger, to pursue his claim for compensation from Employers. Heninger subsequently wrote two letters to Employers, one dated August 28, 1978 and the other October 16, 1978, requesting an explanation from Employers as to why Mr. Thomas's temporary total disability benefits had been terminated and in what manner it calculated the amount it was willing to pay plaintiff in settlement of his claim. Employers' assistant claims manager, Richard *Page 1057 
D. Turner, supplied this information to Heninger in a letter dated October 25, 1978 and offered to settle plaintiff's claim for $3,045, which sum was calculated according to the method set out in our workmen's compensation law to determine the benefits to be paid for a ten percent permanent partial disability, since a physician had stated that plaintiff had suffered a ten percent permanent partial disability to the body as a whole. Heninger rejected this offer, however, upon directions from plaintiff on December 28, 1978. Turner addressed two subsequent letters to Heninger, one bearing the date of December 29, 1978 and the other of March 26, 1979. In the December letter Turner enclosed copies of several doctors' reports, including those of plaintiff's physician, Dr. Whitehurst, but made no further settlement offers, although he did invite plaintiff to forward to Employers any other medical reports for Employers' consideration. Turner's March letter, written approximately one week before the statute of limitations ran on plaintiff's claim, repeated Employers' offer to settle plaintiff's claim for $3,045 and suggested that plaintiff immediately forward any medical reports he might possess to substantiate a higher permanent partial disability rating to Employers for its consideration.
In reviewing judgments in workmen's compensation cases this court will not weigh the evidence as to any fact found by the trial court. American Tennis Courts, Inc. v. Hinton, Ala.Civ.App., 378 So.2d 235 (1979). Nevertheless, there must be some evidence to support the trial court's findings of fact.Id. We can discern no such evidence in the case at bar.
It must be concluded that the finding of the court that admissions of liability by the employer had tolled the running of the statute of limitations was based upon the letters from the insurer to plaintiff's attorney as heretofore described.
We find the trial court to have erred in such finding as a matter of law.
It is the general rule that evidence of an offer to compromise or settle a disputed claim will not be received as an admission of the party making the offer. 29 Am.Jur.2dEvidence § 629 (1967). The rule has been stated by our supreme court as follows: "An offer or agreement to pay, or even a payment, in the way of compromise, is not an admission of indebtedness nor of any fact from which indebtedness may be inferred." Hughes v. Daniel, 187 Ala. 41, 65 So. 518 (1914). It has been said that the law protects offers of compromise.Indemnity Co. of America v. Pugh, 222 Ala. 251, 132 So. 165
(1931). To refute the rule is to discourage extra-judicial settlements.
This rule does not affect the use of an express admission of the fact of responsibility, even though contained in an offer of settlement or compromise. Millsap v. Williamson, 294 Ala. 634, 320 So.2d 649 (1975). However, there is no express admission of liability contained in the letters in this case, and they could not properly be considered as a legal admission of fact. It is important, particularly in workmen's compensation cases, that extra-judicial settlements be explored and reached if possible. To interpret offers to do so, as in this case, as admissions of liability would seriously deter such intercourse between parties.
There is no evidence to refute or toll the running of the statute of limitations in this case. The claim of plaintiff is therefore time-barred from suit.
The judgment of the trial court is reversed and the case is remanded with direction to enter judgment in favor of defendant upon its plea of the statute of limitations.
REVERSED AND REMANDED WITH DIRECTION.
All the Judges concur. *Page 1058