Peggy Busby Watson and her son, John Watson II, sued Roy Thomas Cochran and the City of Saraland, contending that Cochran, a police office for the City of Saraland, had negligently and/or wantonly operated his police vehicle and that his negligence and/or wantonness had resulted in a collision with Watson's automobile wherein Watson and her son sustained injuries. A jury awarded Peggy Watson damages in the amount of $145,000 in past damages and an additional $30,000 in future damages. The jury awarded John Watson II $5,000. The court entered a judgment on that verdict. We affirm.
The City of Saraland and Cochran raise two issues on appeal. The first issue concerns the admissibility of evidence of certain payments made by the defendants' insurance company to Peggy Watson for medical costs incurred as a result of the accident. We find no error in admitting the evidence of these payments, for the following reasons.
Ms. Watson contends that following the accident she was contacted by The Hartford Insurance Company and that its claims representative told her that the City of Saraland and Cochran were responsible for the accident and that she should submit all medical bills to the claims representative for payment. Watson complied with this request, and all of her medical expenses, with the exception of approximately $190, were paid by Hartford before this action was filed. In addition, Hartford paid Ms. Watson for lost wages and reimbursed her for damage to her automobile that had been caused by the accident. There was further evidence, although disputed, that Officer Cochran admitted liability to Watson's son at the scene of the accident.
At trial, the defendants filed a motion in limine to suppress evidence of the fact that payments had been made to Ms. Watson with regard to the accident. The defendants argued that the payments were made as an offer to compromise or to settle the dispute and that, therefore, the court should apply the well-established rule that offers to compromise are not admissible.
 " 'It is the general rule that evidence of an offer to compromise or settle a disputed claim will not be received as an admission of the party making the offer. An offer of agreement to pay, or even payment, in the way of compromise, is not an admission of indebtedness nor of any fact from which indebtedness may be inferred.'
 Griffin v. Hardin, 456 So.2d 1113, 1116
(Ala.Civ.App. 1984). See also Super Valu Stores, Inc. v. Peterson, 506 So.2d 317 (Ala. 1987), Millsap v. Williamson, 294 Ala. 634, 320 So.2d 649 (1975), and Indemnity Co. of America v. Pugh, 222 Ala. 251, 132 So. 165 (1931)."
Harris v. M S Toyota, Inc., 575 So.2d 74, 79-80 (Ala. 1991). While clearly this is the rule, the evidence in this case does not support the contention that any payments made to Ms. Watson constituted an offer to compromise; rather, they are inextricable from offered evidence that Cochran and the City of Saraland admitted liability and, therefore, were making payments in light of that admission. *Page 409 
 "It is the law of this state that, where there is no doubt that a proffered statement was an offer of compromise and was made in the negotiation of the settlement of a claim or dispute, it is error to admit such statement into evidence. Millsap v. Williamson, 294 Ala. 634, 320 So.2d 649 (1975); Langham Small Motors v. Thomas, 390 So.2d 1055 (Ala.Civ.App. 1980). However, the rule does not apply when the statement made is one of admission of fact of responsibility. Millsap, 294 Ala. 634, 320 So.2d 649."
Creighton v. Norris, 512 So.2d 111, 112 (Ala.Civ.App. 1987).
The second issue is whether the trial court erred in allowing Cochran's superior officer, Sergeant Stafford, to testify regarding his investigation of the accident and to state his finding, pursuant to that investigation, regarding the fault of the parties involved. Even though counsel did object to Officer Cochran's testimony regarding the fact that Stafford had determined Cochran to be at fault,[1] defense counsel made no objection to the admission of the testimony of Sergeant Stafford himself. Furthermore, the defense made no objection as to any predicate made or lacking when Sergeant Stafford began testifying.
This case is unlike Phillips v. Emmons, 514 So.2d 1369 (Ala. 1987), wherein the trooper involved had reconstructed the accident based on "assumed mental processes" as opposed to facts in evidence. Id. at 1371. As Cochran's supervisor, Stafford had the job of investigating the accident and making some determination regarding fault, based on his interviews with the parties involved and his inspection of the accident scene. Stafford did not base his opinion on speculation, but rather formed his opinion after speaking with both parties involved in the accident. In addition, at trial the facts upon which he based his opinion were in evidence.
Furthermore, at trial the plaintiffs contended that Cochran and the City of Saraland admitted liability for the accident. The plaintiffs argue that they offered Stafford's testimony as evidence of an admission of liability on the part of the City. Under the facts of this case, we find no error.
AFFIRMED.
HORNSBY, C.J., and SHORES, KENNEDY and INGRAM, JJ., concur.
[1] Counsel based his objection on the fact that Stafford, as a police officer, could not testify as to his determination of fault without the proper predicate having been laid.