This cause arises out of an automobile accident that occurred on July 21, 1991, at an intersection in downtown Birmingham. David Marable, a Birmingham police officer, while on duty, drove a police car into a Ford Bronco being driven by Gerald Watkins; Gerald Watkins's wife Sandra Watkins was a passenger in the Bronco. The Watkinses sued the City of Birmingham and Officer Marable, alleging that Marable had negligently or wantonly operated the police vehicle and that as a result of Marable's negligence or wantonness they had sustained injuries. A jury awarded Gerald Watkins $2,500 and awarded Sandra Watkins $125,000. The trial court entered a judgment on the verdict. Officer Marable and the City appealed. We affirm.
Officer Marable and the City contend that the trial court erred in admitting the testimony of Officer Marable's superior, Sgt. Charlie Hill, regarding his investigation of the accident and his assessment that Officer Marable was at fault. Sgt. Hill testified that as part of his duties he was required to investigate the accident and to send a report to the chief of police, notifying the chief of any damage to police property or any personal injuries incurred by officers acting in the line of duty. This investigation entailed an inspection of the accident scene and talking with Officer Marable and the other police officer who had been in the car with him; with Gerald Watkins; and with other witnesses. In accordance with police department policy at the time, Sgt. Hill was also required to include a determination of fault in his report. Pursuant to his investigation, Hill concluded that Officer Marable was at fault, and he stated this opinion in his lay testimony.
The trial judge explicitly relied upon Cochran v. Watson,628 So.2d 407 (Ala. 1993), for the authority to admit Sgt. Hill's testimony. In Cochran, a woman and her son sustained serious injuries while riding in a motor vehicle that was involved in a collision with a police car. They sued Officer Cochran, the officer who was operating the police car, and they sued the City of Saraland, his employer. Id. at 408. The trial court admitted the testimony of Cochran's superior officer, a police sergeant, regarding his investigation of the accident and his finding that Officer Cochran was at fault. Id. at 409.
We upheld the admission of the testimony in Cochran, stating, "Even though counsel did object to Officer Cochran's testimony regarding the fact that [the sergeant] had determined Cochran to be at fault, defense counsel made no objection to the admission of the testimony of [the sergeant] himself." Id.
(emphasis original) (footnote omitted). The objection defense counsel raised during Cochran's testimony was "based on the fact that [the sergeant], as a police officer, could not testify as to his determination of fault without the proper predicate having been laid." Id. n. 1. However, this objection was not made when the sergeant began to testify regarding his investigation and his finding of fault. Id.
The defendants here point out that, unlike the defendants inCochran, they did in fact make a timely objection to the testimony regarding the investigation and the finding of fault. They claim that Sgt. Hill was not an expert witness and was therefore not qualified to give opinion testimony. They contend *Page 880 
that even if Sgt. Hill were permitted to state his opinions, he could not do so if they went to the ultimate fact in issue. They argue that the trial court's reliance uponCochran was misplaced, given the absence of objections in that case. We disagree.
The defendants correctly assert that Sgt. Hill's conclusion that Officer Marable was at fault was a lay opinion that went to the ultimate fact in issue, i.e., whether negligence on the part of Officer Marable was the cause of the accident. Thus, his opinion as to who caused the accident would normally be inadmissible despite the fact that it was based upon facts in evidence. Generally, "lay opinion as to the ultimate issue of proximate cause is not admissible evidence." Burkett v. LomaMachine Mfg., Inc., 552 So.2d 134, 136 (Ala. 1989), citingMathews v. Mathews, 428 So.2d 51, 57 (Ala.Civ.App. 1982), cert. denied, 428 So.2d 58 (Ala. 1983), and C. Gamble McElroy'sAlabama Evidence, § 127.03(3) (3d ed. 1977). See also McLeod v.Cannon Oil Corp., 603 So.2d 889, 893 (Ala. 1992).
While in Cochran we noted the lack of timely objections, we also stated that the sergeant's testimony ascribing fault to the police officer, based on the sergeant's investigation, could be considered an admission of liability on the part of the city. Cochran v. Watson, 628 So.2d at 409. "An admission is not rendered inadmissible because it is in the form of an opinion or conclusion." C. Gamble, McElroy's Alabama Evidence, § 180.01(2) (4th ed. 1991). To be admissible against a principal, declarations of an agent must be made within the scope of the authority conferred upon the agent and must be made while the agent is exercising his or her authority. Sladev. City of Montgomery, 577 So.2d 887, 891 (Ala. 1991), citingMutual Sav. Life Ins. Co. v. Hall, 254 Ala. 668, 49 So.2d 298
(1950). "Furthermore, the admissions of a party made directly by him, or through his agent duly authorized to speak for him relative to the subject matter of a suit, are admissible in evidence against that party where they are inconsistent with the claim he asserts in the action." Slade, 577 So.2d at 891 (citation omitted).
For the reasons stated above, the judgment based on the jury verdict is due to be affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, KENNEDY, and COOK, JJ., concur.