730 So.2d 160 (1999)
Jennifer Lyn CLAYTON, a minor, By and Through her father and next friend, Charles CLAYTON
v.
Clinton William FARGASON.
1971722.
Supreme Court of Alabama.
February 26, 1999.
*161 J. Thomas Crawford and Michael D. Blalock of Blalock & Blalock, Birmingham, for appellant.
Patrick R. Norris and William J. McDaniel of McDaniel, Bains & Norris, P.C., Birmingham, for appellee.
HOUSTON, Justice.
Jennifer Lyn Clayton, age nine, was struck by an automobile while riding a bicycle. Through the father, she filed a personal-injury action against the driver of the automobile, Clinton William Fargason. Jennifer appeals from a judgment for the defendant. We reverse and remand.
The accident occurred on a dead-end street. Jennifer was in a roadway, in the path of Fargason's automobile. She had entered the roadway from a steep private drive intersecting from Fargason's right. As a result of the accident, Jennifer sustained multiple fractures of her leg and hip and had to undergo numerous surgical procedures to repair the bone damage and to perform skin grafts. Jennifer based her complaint on allegations of negligence and wantonness. The court directed a verdict for Fargason on Jennifer's wantonness claim, and the jury found for Fargason on her negligence claim. Jennifer appeals from the resulting judgment. On appeal she makes no argument regarding the wantonness count.[1]
*162 In his deposition, Fargason testified that he knew that when he first saw Jennifer he was going 15 miles per hour and that there was no chance he was going any faster than 15 mph, because, he said, he had heard that children had been hit in that area previously. He further testified that 15 mph would be a safe speed to drive through that area and that it would be unsafe to drive any faster.
Before trial, Fargason's attorney filed a motion in limine asking the court to prohibit Jennifer's counsel from questioning Fargason about his opinion as to a "safe" or "reasonable" speed to operate a motor vehicle in the area where the accident occurred and about his having heard that children previously had been hit in that area. In the motion, Fargason argued that such questioning would call for testimony that would be immaterial and that would invade the province of the jury. The trial court granted the motion and ordered Jennifer's counsel to refrain from asking any questions regarding why Fargason had stated that he was driving only 15 mph at the time of the accident and to refrain from asking any questions regarding Fargason's statement in his deposition that he had "heard" that children had been hit in that area before and that it would be unsafe to travel more then 15 mph through that area. When Jennifer's counsel offered the deposition testimony into evidence the trial court again ordered her counsel not to bring up these matters.
At the conclusion of the trial, counsel for Fargason and for Jennifer submitted their requested jury charges. Fargason's counsel submitted jury charges regarding the Rules of the Road as they pertain to the standard of care for operating a bicycle. See Ala.Code 1975, §§ 32-5A-114; 32-5A-260; 32-5A-263(a); and 32-5A-266. Jennifer's counsel objected, arguing that those charges would confuse the jury as to whether she should be held to the standards established by the Rules of the Road for operating a bicycle, when no contributory negligence defense had been asserted.[2] The trial court overruled Jennifer's objections and read Fargason's charges to the jury.
Jennifer argues (1) that the trial court erred in granting Fargason's motion in limine and thereby not allowing into evidence Fargason's deposition testimony concerning his prior knowledge of dangerous conditions and circumstances in the area where the accident occurred and his deposition testimony that it would be unsafe to exceed 15 mph in that area; and (2) that the trial court erred in overruling her objection to Fargason's jury charges regarding applying the Rules of the Road pertaining to the standard of care for operating a bicycle to a child who had been only nine years old at the time of the accident.
It is undisputed that the speed limit in the area at the time of the accident was 25 mph. The only expert testimony presented regarding the speed of Fargason's automobile placed that speed at 29-30 mph, based on an examination of skid marks.
Jennifer argues that Fargason's deposition testimonythat he had heard that children had been hit in that area in the past, that that was the reason he was travelling only 15 mph, and that it would have been unsafe to travel more then 15 mph through that areawas crucial for the jury to consider in determining whether Fargason was acting negligently at the time of the accident. That is, Jennifer argues that it would have been beneficial for the jury to know about, and to take into account, Fargason's state of mind about the dangerous circumstances he believed existed in that particular area. Jennifer says she was not offering the statements to prove that children, in fact, had been hit in that area (and thus that admitting evidence of Fargason's deposition statements would not violate the hearsay rule), but rather to show Fargason's state of mind regarding the dangerous circumstances and conditions in the area when the accident occurredthat is, to show that Fargason believed children had been hit in the area before and that he was on notice of *163 a dangerous condition in that area and that that belief and notice dictated that he drive at a reasonable and prudent speed for that condition and not simply drive at the posted speed limit. Therefore, she argues, the trial court erred in granting Fargason's motion in limine.
Fargason contends that his state of mind as he drove through the area in question was immaterialthat the only material information would have been the facts that he was confronted with at the time of the accident, e.g., weather conditions, visibility, children in the road. He also argues that his opinion on the issue of what a reasonable or safe speed would be was immaterial and that to present evidence of that opinion would have invaded the province of the jury. According to Fargason, questioning about his opinion in that regard would have been improper because it would have called for an opinion on the "ultimate issue" to be decided by the jury, see Rule 704, Ala.R.Evid.[3]whether he was guilty of negligence, i.e., whether the speed at which he was operating the automobile at the time of the accident was "reasonable and prudent." (See Ala.Code 1975, § 32-5A-170, quoted infra.) According to Fargason, "it is the function of the jury, which is authorized to draw all reasonable inferences from the evidence, to resolve controverted factual inferences," quoting George v. Nevett, 462 So.2d 728, 730 (Ala.1984); and what was a safe and reasonable speed for a motor vehicle to pass through the area of the accident, he says, was an issue for the trier of fact. Therefore, he argues that any opinion he might have had in this regard was inadmissible and, thus, that the trial court properly granted the motion in limine.
It is well established that one must drive at a "reasonable and prudent" speed "under the conditions" at hand:
"No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions."
Ala.Code 1975, § 32-5A-170. (Emphasis added.) The statute specifically refers to "potential hazards."
This Court has written:
"A driver in such a situation cannot gamble upon being able to stop his car after he suddenly sees a child in such a dangerous situation but the fact that he is driving into a zone where he knows that children are likely to be on the roadway provided for the car or in dangerous proximity thereto, fastens the duty upon him to observe due caution to conserve the safety of such child. Mobile Light & R. Co. v. Nicholas, 232 Ala. 213, 167 So. 298 [(1936)]."
Howell v. Roueche, 263 Ala. 83, 86, 81 So.2d 297, 301 (1955).
Clearly, Fargason's belief that in the past children had been hit in the area where this accident occurred would cause him to have knowledge of potential hazards that he should consider in determining whether he was driving at a "reasonable and prudent" speed, as required under § 32-5A-170. "Whether a person involved in an accident acted reasonably in operating his motor vehicle depends on all of the circumstances surrounding the accident...." Senn v. Alabama Gas Corp., 619 So.2d 1320, 1322 (Ala. 1993). (Emphasis added.) For the jury to be able to consider all of the circumstances surrounding the accident, it should have known what Fargason knew about children playing in the area and should have been told about his belief that children had been hit in that area before this accident occurred. "Negligence" is defined as "refer[ring] only to that legal delinquency which results whenever a man fails to exhibit the care which he *164 ought to exhibit, whether it be slight, ordinary, or great." Black's Law Dictionary 1032 (6th ed.1990). See also Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142, 146 (Ala. 1987), overruled on other grounds. When determining whether a person exercised the care he should have exercised in regard to a particular situation, the trier of fact should take into account the state of mind that person had regarding dangerous conditions that may have existed in the particular area where that situation occurred. If this Court allowed the trial court's ruling to stand, then signs warning of dangerous conditions would have virtually no effect in a subsequent accident.
From the record, it is apparent that in offering Fargason's statement that he had heard that children had been hit in the area where this accident occurred, Jennifer was not attempting to prove that children had, in fact, been hit in that area, but rather to show Fargason's state of mindto show that he believed children had been hit in that area before, and thus that he was on notice of a dangerous condition in that area. That notice dictated that he drive at a speed that would be considered reasonable and prudent in light of that condition and not simply at a speed within the posted limit. Because the statement was offered to show what Fargason believed had occurred and not to show that it had actually occurred, the statement was not within the hearsay rule. "[W]here there is an attempt to prove out-of court statements for the purpose of showing notice, knowledge or motive, or to show that information within the knowledge of a witness bore on his subsequent conduct, such proof does not constitute hearsay. McCormick on Evidence, [§] 228, pp. 464-65." Coca-Cola Bottling Co. v. Hammac, 48 Ala.App. 60, 66, 261 So.2d 893, 898 (Civ.1972).
Furthermore, Fargason's statement that he knew he was driving only 15 mph through the area where the accident occurred, because he had heard that children had been hit there before and thus thought that was the only safe speed to drive, did not go to the ultimate issue whether he was driving at a reasonable and prudent speed at the time of the accident, but rather went to his mental state regarding the conditions existing in the particular area of the accident. That testimony was offered to show Fargason's mental state regarding what would be a safe speed to drive in the area in which the accident occurred, a mental state based on his having heard that children had been hit in that area before. Whereas the posted speed limit states a speed that is prima facie lawful, the posted speed may not be lawful under all conditions, because in some conditions the posted speed may not be a "reasonable and prudent" speed. Jefferson v. Fleming, 669 So.2d 870 (Ala.1995). Fargason's admission regarding what he thought a safe speed would be was based on his personal belief that a dangerous condition existed in the area where the accident occurred. "An admission is not rendered inadmissible because it is in the form of an opinion or conclusion." C. Gamble, McElroy's Alabama Evidence, § 180.01(2) (4th ed.1991); see, e.g., City of Birmingham v. Watkins, 670 So.2d 878, 880 (Ala.1995). Fargason's admission is distinguishable from statements that involve material conclusions drawn from detailed facts regarding a particular accident that the jury should have been allowed to draw from the evidence. See, e.g., Broughton v. Kilpatrick, 362 So.2d 865 (Ala.1978); McLeod v. Cannon Oil Corp., 603 So.2d 889 (Ala.1992). Speculative testimony concerning an ultimate issue in a case (e.g., causation) is distinguishable from testimony concerning the defendant's intent or mental state. See Franklin v. Cannon, 565 So.2d 119 (Ala.1990).
Fargason's belief that children had been hit in this area on prior occasions was evidence the jury should have had before it when it was determining whether he was traveling at a reasonable and prudent speed at the time of the accident. The trial court's refusal to allow into evidence the portion of Fargason's deposition testimony in which he admitted his belief that exceeding 15 mph would be unsafe and stated that he was certain he was not exceeding that speed, because he had heard that children had been struck in that area before; by that refusal, the jury was precluded from hearing relevant testimony regarding what Fargason believed *165 to be a dangerous condition existing in the area where the accident occurred.
Under the facts of this case, in order for the jury to make an informed determination as to whether Fargason was driving at a reasonable speed at the time of the accident, it should have been allowed to hear all of the evidence concerning what Fargason believed to be dangerous conditions in the area and what he perceived to be a safe speed in the area. Therefore, the trial court erred in granting Fargason's motion in limine.
Jennifer also asserts that the trial court erred in instructing the jury, over her objection, on the Rules of the Road, as they pertain to the standard of care for operating a bicycle. Fargason argues that the charge must be considered in its entirety and that a reversal based on the court's giving that charge would be warranted only if the error was prejudicial. While the charge correctly stated the standard of care for an adult operating a bicycle, that adult standard of care does not apply to a nine-year-old child. See, e.g., Jefferson v. Flemming, supra.
The judgment, therefore, is reversed and the cause is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, KENNEDY, LYONS, and BROWN, JJ., concur.
COOK, J., concurs in the result.
SEE, J., dissents.
COOK, Justice (concurring in the result).
I agree that the trial court erred in charging the jury on the "Rules of the Road." As this case was postured, the charge was immaterial and confusing. I would reverse on that basis.
I do not agree, however, that the court erred in prohibiting the plaintiff from asking certain questions of William Fargason, the driver of the automobile that collided with Jennifer Clayton. Fargason insisted that he was travelling at 15 mph in a 25-mph zone at the time of the collision. In a pretrial deposition, Fargason had stated that he believed 15 mph was the maximum safe speed, because, he said, he had "heard before that ... children had been hit there." The trial court granted Fargason's motion in limine to exclude as hearsay the testimony about what he had heard.
"`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ala. R. Evid. 801(c). "A statement offered for some purpose other than to prove the truth of its factual assertions is not hearsay." Edwards v. State, 502 So.2d 846, 849 (Ala.Cr.App. 1986). "Thus, a statement may be admissible where it is not offered to prove the truth of whatever facts might be stated, `but rather to establish the reason for action or conduct by the witness.'" Id. Clayton contends that Fargason's statement was not offered for its hearsay purpose. For the following reasons, I disagree.
Fargason never admitted to exceeding 15 mph; therefore, whether that speed was reasonable under the circumstances was an issue for the jury to resolve. His statement was offered for its hearsay purpose if its relevance lay in the fact that, because of certain conditions existing in the neighborhood, children were being struck there by automobiles. If it was offered for that purpose, then the jury would be invited to infer that due care required Fargason to adjust his speed to a point reasonable in light of the likelihood that children would be in the street. In other words, for the jury to derive any material benefit from Fargason's deposition statement, it would have had to use the evidence for its improper hearsay purpose, inferring that children had been hit in that area and, therefore, that even 15 mph was too fast.
Clayton concedes that her case "was largely predicated upon Fargason not driving at a reasonable and prudent speed given the facts and circumstances for the area at which the accident occurred." Brief of Appellant, at ix (emphasis added). Later in her brief, she says: "Clayton was not offering the statements of Fargason that he had `heard' that children had been hit in this area before in order to prove that fact, but rather to show the state of mind of Fargason regarding the *166 dangerous circumstances and conditions in the area where the accident occurred." Id. at 6 (emphasis added). However, the "circumstances and conditions" were "dangerous" only if the fact of what Fargason had heard was true, that is, that children had been hit in the area.
Ala. R. Evid. 803(3) is also instructive in this regard. Rule 803(3) provides an exception to the rule of inadmissibility of hearsay statements, where the hearsay statement is "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health)." But the wording of the rule expressly excludes from the exception "a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of [the] declarant's will." Id. (Emphasis added.) The Advisory Committee's Notes further explain: "Specifically excluded from this rule of admissibility, with one exception, are statements of `memory or belief' when offered `to prove the fact remembered or believed.'"[4] (Emphasis added.) Fargason's statement was "one of memory or belief," and it was offered to "prove the fact remembered," namely, that children had been struck by cars in the neighborhood.
Clayton's argument is, therefore, a distinction without a difference. Fargason's statement was offered for its classic hearsay purpose; it does not fall within any of the hearsay exceptions, and it was properly excluded. Because the main opinion would reverse because of the trial court's excluding this evidence, I concur only in the result.
SEE, Justice (dissenting).
I respectfully dissent from the majority's holding that the trial court erred by granting Clinton Fargason's motion in limine and by instructing the jury on the Rules of the Road as they related to the operation of a bicycle.
Jennifer Clayton's first argument with respect to the motion in limine is that the trial court committed reversible error by excluding Fargason's deposition testimony that he had heard there had been prior accidents in which children had been hit in the area where this accident occurred. The majority holds that the testimony should have been admitted to show that Fargason had notice that children might be playing in that area, which created a dangerous condition that would require him to drive at a "speed that would be considered reasonable and prudent in light of that condition." 730 So.2d at 164. A driver entering "a zone where he knows that children are likely to be on the roadway provided for the car or in dangerous proximity thereto" has a duty "to observe due caution to conserve the safety of such child." Howell v. Roueche, 263 Ala. 83, 86, 81 So.2d 297, 300 (1955). Thus, Fargason's knowledge that children might be in the area where the accident occurred was relevant, and the jury should have been allowed to consider the testimony to that effect. Id.
The trial court did not, however, exclude all evidence tending to establish that Fargason was aware that a dangerous condition existed in that area. In fact, the record clearly demonstrates that Fargason had lived on the street on which the accident occurred for five years, that he was familiar with the area, and that he had actually seen Clayton's younger brother playing football in the family's front yard immediately before the accident.
"The trial court has great discretion in determining whether evidence, even evidence of minor probative value[,] is relevant and whether it should be admitted or excluded." Sweeney v. Purvis, 665 So.2d 926, 930 (Ala. 1995) (emphasis original). Because other evidence was presented tending to show that Fargason was aware of the dangerous condition, the trial court did not abuse its discretion in excluding the statement. Sweeney, 665 So.2d at 930.
Even if the exclusion of Fargason's deposition testimony had been error, it would not justify reversal. "An error in excluding evidence is harmless where it is admitted at *167 another time or in another form." Sweatman v. FDIC, 418 So.2d 893, 897 (Ala.1982). As this Court explained in Sweatman,
"Where, as here, the objective or historical facts are not in dispute, and the asserted purpose of the proffered evidence does not extend beyond, or tend to prove, other inferences of disputed ultimate facts, the proffered testimony is purely cumulative; and, although admissible, its exclusion will not form the basis for reversible error."
418 So.2d at 897. Clayton offered the testimony to establish that Fargason should have been aware that children might be playing in the area where the accident occurred. Because there was undisputed evidence before the jury that Fargason had firsthand knowledge that Clayton's brother was playing in the area immediately before the accident, the excluded testimony was purely cumulative and was not grounds for reversal. Id.
Clayton's second argument with respect to the motion in limine is that the trial court committed reversible error by excluding Fargason's statement that driving over 15 mph in the area where the accident occurred would have been unsafe. The majority holds that Fargason's statement should have been admitted because it establishes Fargason's opinion as to what was a safe speed in that area. The majority correctly notes that an admission by a party opponent is not hearsay. The majority recites the following language from C. Gamble, McElroy's Alabama Evidence, § 180.01(2) (4th ed. 1991): "An admission is not rendered inadmissible [hearsay] because it is in the form of an opinion or conclusion." 730 So.2d at 164. Fargason, however, never asserted hearsay as a basis for excluding this testimony. Rather, the basis for Fargason's motion in limine was that his opinion as to what was a safe speed in that area goes to the ultimate issue of fact to be decided by the jurywhether he was driving at a "reasonable and prudent" speed at the time of the accident. (R. 462-67.) Although the majority acknowledges this argument, it fails to address it.
Rule 704, Ala. R. Evid, provides: "Testimony in the form of an opinion or inference is to be excluded if it embraces an ultimate issue to be decided by the trier of fact." Despite the broad exclusionary language of Rule 704, this Court has recognized that a party's declaration that he was at fault is admissible. See City of Birmingham v. Watkins, 670 So.2d 878, 880 (Ala.1995) (holding that a police officer's statement that a fellow officer was "at fault" in an accident was admissible against the city by which both officers were employed). Accord Strickland v. Davis, 221 Ala. 247, 252, 128 So. 233, 237 (1930) ("[A] declaration of a party touching a transaction known to him[,] that he was at fault, whether intended as an expression that he was legally at fault, or of conscious wrongdoing as between man and man, is admissible...." (emphasis added)). However, "[a] declaration of pure opinion of law [can] not be evidence of legal liability." Id. The record clearly indicates that Fargason never admitted that he was at fault in the accident. Fargason consistently testified that he was driving 15 mph at the time of the accident and that he believed that was a safe speed for that area. Although Fargason stated that he believed driving any faster would have been unsafe, his statement is not an admission of wrongdoing. Instead, Fargason's statement is a pure opinion of law as to whether other speeds would have been unsafe. Thus, the trial court properly excluded the statement.[5]
Clayton also argues that the trial court erroneously instructed the jury on the Rules of the Road as they related to the operation of a bicycle. Specifically, Clayton argues that because Fargason did not raise the defense of contributory negligence, these instructions improperly injected that defense into the trial and thereby confused the jury. The majority holds that although the trial court correctly stated the law, the instruction amounted to reversible error because the Rules of the Road state the standard of care *168 for an adult operating a bicycle, not a child. 730 So.2d at 165.
When reviewing a trial court's instruction to a jury, this Court must consider not only the challenged instruction, but the entire charge. Burlington Northern R.R. v. Whitt, 575 So.2d 1011, 1020 (Ala.1990). If the charge as a whole correctly states the law, there is no reversible error. Id. Even though the fact that Clayton was nine years old at the time of the accident made her presumptively incapable of contributory negligence, see Lemond Construction Co. v. Wheeler, 669 So.2d 855, 860 (Ala.1995), the jury still could consider whether her conduct, rather than Fargason's, proximately caused her injuries. See Aycock v. Martinez, 432 So.2d 1274 (Ala.1983) (holding that the trial court, in an action based on wantonness, to which contributory negligence could not be a defense, did not commit reversible error by instructing the jury on the applicable Rules of the Road in conjunction with its instructions on proximate cause). Although children under 14 years of age are presumptively incapable of contributory negligence, they clearly are not free to ignore the Rules of the Road. See Ala.Code 1975, § 32-5A-266(b) ("The parent of any child and the guardian of any ward shall not authorize or knowingly permit any such child or ward to violate any of the provisions in this chapter."); see also Ala.Code 1975, § 32-5A-260 ("Every person riding a bicycle upon the roadway shall be granted all the rights and shall be subject to all the duties applicable to a driver of a vehicle by this chapter...." (emphasis added)); and Ala.Code 1975, § 32-5A-266(a) ("It is a misdemeanor for any person to do any act forbidden or fail to perform any act required in this article." (emphasis added)).
The trial court clearly instructed the jury that Clayton could not be guilty of contributory negligence and that any negligence on Clayton's part would not bar her recovery. Specifically, the trial court, immediately before instructing the jury on the Rules of the Road, stated, in pertinent part:
"When we have talked about contributory negligence, if [Clayton] had been an adult and the same facts had occurred, [Fargason] could have raised a defense, an affirmative defense of contributory negligence. And that would be that even if [Fargason] was negligentif [Clayton] were contributorily negligent, in other words, if [Clayton] was negligent and that had contributed to the accident, then it would be a bar and [Clayton] could not recover.
"But [Clayton] is a minor, and you cannot put contributory negligence on one of that age. So that is not an issue in this case, and you should simply disregard contributory negligence. That does not mean that [Fargason] is liable for the events in this case. It just means that [Clayton] is not barred from recovery, because you might feel what she did was negligence. It is simply not an issue in this case."
(Emphasis added.) Thus, I believe that the charges as a whole stated the law correctly, and that the judgment below should be affirmed. Senn by Senn v. Craig, 474 So.2d 698 (Ala.1985).
I therefore dissent.
NOTES
[1] Jennifer's mother, Debra Clayton, and her father, Charles Clayton, also sued Fargason to recover for medical expenses they had incurred for treatment of Jennifer's injuries and for the loss of their daughter's consortium. The father also claimed lost wages because he had had to take time from his work to care for Jennifer. The jury found against all three plaintiffs, but the mother and father did not appeal from the judgment based on that verdict.

The parents also sued Atlanta Casualty Insurance Company, their underinsured-motorist-insurance carrier. However, Atlanta Casualty elected not to participate in the trial and to be bound by the jury's decision.
[2] Because Jennifer was only nine years old when the accident occurred, Fargason's counsel did not assert the defense of contributory negligence.
[3] Rule 704, Ala.R.Evid., provides:

"Testimony in the form of an opinion or inference otherwise admissible is to be excluded if it embraces an ultimate issue to be decided by the trier of fact."
[4] The one exception to the exception is, of course, where the "`statement of memory or belief' ... relates to the execution, revocation, identification, or terms of the declarant's will." Rule 803(3), Advis. Comm. Notes.
[5] In any event, this Court need not address Clayton's argument that the statement is an admission by a party opponent because this ground was not asserted below. The trial court will not be put in error on grounds not asserted. Ex parte Frith, 526 So.2d 880, 882 (Ala.1987) ("[S]tatement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial.").